Dillon E. Jackson, WSBA #1539
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
(206) 447-8962
(206) 749-1959
jackd@foster.com
Pro Hac Vice

Irving Potter
Josselson & Potter
9400 SW Bvtn-Hisdl Hwy
Beaverton, OR 97005
(503) 228-1455
Fax (503) 228-0171
irving@jprlaw.com

Attorneys for Debtor in Possession
Kartar Singh Khalsa

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>KARTAR SINGH KHALSA and<br>EWTC MANAGEMENT, LLC,<br>f/k/a Golden Temple Management, LLC,<br><br>                              Debtor. | Case No. 12-60538-fra11 and<br>          12-60536-fra11<br><br>(Jointly Administered) |
| KARTAR SINGH KHALSA and<br>EWTC MANAGEMENT, LLC,<br>f/k/a Golden Temple Management, LLC,<br><br>                             Plaintiffs,<br><br>    v.<br><br>LANE POWELL PC,<br><br>                            Defendant. | **Adv. Proc No. 13-06040fra**<br><br>**MOTION TO LIMIT ISSUES FOR OBJECTION TO ADMINISTRATIVE CLAIM** |

      Kartar Singh Khalsa ("Kartar") and EWTC Management, LLC, ("EWTC") f/k/a Golden Temple Management, LLC, move as follows:

MOTION TO LIMIT ISSUES  1

## I. RELIEF SOUGHT

Plaintiffs seek an order eliminating a legal malpractice claim asserted by the Plaintiffs against Defendants as an issue that should not be determined in this case on the basis that it is not a mandatory counter claim pursuant to Fed. R. Bankr. P. 7013 and Fed. R. Civ. P. 13.

## II. FACTS.

**2.1 Kartar Singh Khalsa.**

Kartar is an individual debtor in case no. 12-60538-fra11 residing in Portland Oregon. Kartar is a member of EWTC Management LLC. Kartar and EWTC confirmed a Joint Plan of Reorganization on December 14, 2012.

**2.2 EWTC Management, LLC.**

EWTC f/k/a/ Golden Temple Management, LLC was 90% owner of the East West Tea Company, LLC, formally known as Golden Temple Tea Company and its operations were located in Springfield, Oregon with offices in Portland, Oregon. EWTC and Kartar confirmed a Joint Plan of reorganization on December 14, 2012.

**2.3 Lane Powell PC.**

Lane Powell PC ("Lane Powell") is an Oregon professional services corporation with offices in Oregon, Washington, Alaska and London, England. Lane Powell has filed an administrative claim against both Debtors in these cases.

**2.4 Objection to Claim by Adversary Complaint.**

Pursuant to a Summary of Proceedings & Minute Order of this Court on March 13, 2013 [Docket No. 416], objecting parties as Plaintiffs filed their objection to the Lane Powell claim. The objection included a reference to the counterclaim for malpractice held by the Plaintiffs stating that they would seek a ruling by this Court that such counter claim will not be adjudicated by this Court. The Complaint also states that adjudication of the malpractice counter claim would raise issues relating to jury trial and withdrawal of the reference in this case.

**2.5 Case Schedule Not for Complex Litigation.**

The case schedule ordered by the Court at the scheduling conference reflects a run of the mill contested claim dispute. The time provided for discovery and the trial date would not accommodate a multimillion dollar malpractice claim. Litigation of that nature will require many months of preparation prior to trial. The schedule set simply does not contemplate dealing with a malpractice claim.

**2.6 No Stipulation.**

The Defendant has recently affirmed that it will not stipulate to excising the malpractice claim from this matter and indicated at an attorney's discovery conference its intent to conduct extensive discovery on such counterclaim.

**2.7 No Connection Between the Claim Filed Herein and The Facts Giving Rise to the Counter claim.**

The claim filed herein arose solely between the date of the filing of the Debtor's cases on February 18, 2012 and the date of the filing of the claim on January 28, 2013. Any claim for legal malpractice by the Plaintiffs relates to events that occurred at the time of the management buyout of the Tea Company, then known as Golden Temple of Oregon in 2007. There are no claims that relate to any legal work on or after February 18, 2012. The conflicting claims do not arise out of the "same transaction or occurrence."

### III. APPLICABLE LAW.

**3.1 Rule on Compulsory Counter Claims.**

This case has a somewhat unusual format because the Defendant filed its Claim in this case and the Complaint herein is in form of an objection or answer to the claim. Therefore it is submitted that Rules 7013 and Rule 13 apply.

Fed. R. Civ. P. 13 as adopted by Bankruptcy Rule 7013 states in pertinent part:

(a) COMPULSORY COUNTERCLAIM.

(1) *In General.* A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:

MOTION TO LIMIT ISSUES  3

      (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

      (B) does not require adding another party over whom the court cannot acquire jurisdiction.

The test for whether a claim arises out of the same transaction or occurrence in the 9th Circuit involves "whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." _Pochiro v. Prudential Ins. Co. of America,_ 827 F.2d 1246, 1249 (9th Cir.1987) (quoting _Harris v. Steinem,_ 571 F.2d 119, 123 (2d Cir.1978)).

Stated in another 9th Circuit case the inquiry is whether "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates additional legal rights otherwise dormant in the defendant."

_In re Lazar, 237 F.3d 967,_ 979 (9th Cir. 2001) (quoting _In re Pinkstaff,_ 974 F.2d 113, 115 (9th Cir.1992)).

There is no claim of professional negligence arising from the work represented by the time records in the Lane Powell administrative claim. The objection to claim as clarified in the complaint is to be solely on the merits of the claim without regard to any counterclaim. Events and legal work related to the management buyout which forms the basis of the negligence claim are entirely separate not only by the span of 5 years but by virtue of entirely difference legal services.

Based on the foregoing the Plaintiffs seek an order from this court determining that the malpractice claim is not a compulsory counter claim under Rule 7013 and that all consideration of and reference to such a counter claim shall be stricken from this adversary proceeding.

MOTION TO LIMIT ISSUES  4

DATED this 29th day of April, 2013.

        FOSTER PEPPER PLLC

        */s/ Dillon E. Jackson*
        Dillon E. Jackson, WSBA #1539
        Pro Hac Vice
        Attorneys for Debtor
        Kartar Singh Khalsa

        JOSSELSON & POTTER

        */s/ Irving Potter*
        Irving Potter OSB # 742609

        Attorneys for Kartar Singh Khalsa

MOTION TO LIMIT ISSUES  5

51293045.2