Peter C. McKittrick, OSB No. 852816
pmckittrick@ml-llp.com
**MCKITTRICK LEONARD LLP**
111 SW Columbia, Ste. 1100
Portland, Oregon 97201
Telephone: 971.634.0190
Facsimile: 971.634.0250

Kenneth R. Davis, II, OSB No. 971132
davisk@lanepowell.com
Mary Jo Heston, OSB No. 030438
hestonm@lanepowell.com
Peter D. Hawkes, OSB No. 071986
hawkesp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Joseph C. Arellano, OSB No. 801518
arellano@kwar.com
**KENNEDY, WATTS, ARELLANO & RICKS LLP**
1211 SW Fifth Avenue, Suite 2850
Portland, Oregon 97204-3733
Telephone: 503-228-6191
Facsimile: 503-228-0009

Attorneys for Defendant Lane Powell PC

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | ) |
| | ) |
| Kartar Singh Khalsa | ) CASE NO. 12-60538-fra11 and |
| EWTC Management, LLC | ) 12-60536-fra11 |
| f/k/a Golden Temple Management, LLC, | ) |
| | ) (JOINTLY ADMINISTERED) |
| Debtors. | ) |
| Kartar Singh Khalsa, et al, | ) |
| | ) ADV. NO. 13-6040-fra |
| Plaintiffs, | ) |
| | ) ANSWER AND AFFIRMATIVE |
| v. | ) DEFENSES TO COMPLAINT ON |
| | ) OBJECTION TO CLAIM OF LANE |
| Lane Powell PC, | ) POWELL PC AND COUNTERCLAIM |
| | ) |
| Defendant. | ) DEMAND FOR JURY TRIAL |

PAGE 1 OF 23    ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND
COUNTERCLAIM

## **ANSWER**

Defendant Lane Powell PC ("Lane Powell") answers and responds to the Complaint brought by Plaintiffs EWTC Management, LLC f/k/a Golden Temple Management, LLC ("EWTCM") and Kartar Singh Khalsa ("Kartar") (collectively "Plaintiffs" or "Debtors") as set forth below.  Except as expressly admitted herein, all allegations of the Complaint, including the argumentative headings to Plaintiffs' paragraphs, are denied.

1.      In answer to the allegations contained in Paragraph 1.1 of the Complaint, Lane Powell admits the allegations.

2.      In answer to the allegations contained in Paragraph 1.2 of the Complaint, Lane Powell admits that EWTCM confirmed a joint plan with Kartar.   In further answer to Paragraph 1.2 of the Complaint, Lane Powell admits that EWTCM was at one time located in Springfield, Oregon, and at one time owned 90% of East West Tea Company, LLC ("EWTC"), but because Lane Powell is currently without sufficient information or knowledge to form a belief as to the current ownership, operations or location of EWTCM, it, therefore, denies the remaining allegations in Paragraph 1.2.

3.      In answer to the allegations contained in Paragraph 1.3 of the Complaint, Lane Powell admits the allegations.

4.      In answer to the allegations contained in Paragraph 2.1 of the Complaint, this paragraph sets forth solely legal conclusions and no answer is required.

5.      In answer to the allegations contained in Paragraph 2.2 of the Complaint, this paragraph sets forth solely legal conclusions and no answer is required.

6.      In answer to the allegations contained in Paragraph 2.3 of the Complaint, this paragraph sets forth solely legal conclusions and no answer is required.

7.      In answer to the allegations contained in paragraph 2.4 of the Complaint, Lane Powell states that it does not consent to the entry of a final order by the Bankruptcy Court on the allowance of the request for fees as Special Counsel submitted by Lane Powell (the "Special

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND
                    COUNTERCLAIM

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
708652.0007/5665818.2

Counsel Fee Claim") or to the entry of a final order deciding the professional negligence claim that has been asserted against Lane Powell as a defense to the Special Counsel Fee Claim in ECF Nos. 389 and 390, attached hereto as Exhibits A and B (the "Counterclaim").

8.      In answer to the allegations contained in Paragraph 3.1 of the Complaint, Paragraph 3.1 sets forth solely Plaintiffs' asserted legal conclusions which, though disputed by Lane Powell, require no answer by Lane Powell.  To the extent an answer to Paragraph 3.1 of the Complaint is required, Lane Powell denies the allegations.

9.      In answer to the allegations contained in paragraphs in Section IV of the Complaint, Section IV set forth the Plaintiffs' asserted legal conclusions which require no answer by Lane Powell.  To the extent an answer to Section IV of the Complaint is required, Lane Powell denies the allegations set forth in Section IV of the Complaint.  Lane Powell further asserts in response to Section IV of the Complaint that:  (i) Fed. R. Bankr. Pro. 7013 has no application to the facts of this case; and (ii) an adjudication of the Special Counsel Fee Claim will adjudicate the Counterclaim.

10.      The allegations contained in the paragraphs set forth in Section V of the Complaint are not directed at Lane Powell and, therefore, Lane Powell has no duty to respond. To the extent an answer to Section V of the Complaint is required, Lane Powell does not consent to the Bankruptcy Court hearing any jury trial that might be held on the allegations in the Complaint or on the Counterclaim.

11.      In answer to the allegations of Paragraph 6.1 of the Complaint, Lane Powell admits that it filed duplicate claims for the Special Counsel Fee Claim in the amount of $286,554.00 in fees and $1,896.96 in costs for a total of $298,450.96 in both of the Debtors' Bankruptcy Cases.  By way of further answer to Paragraph 6.1 of the Complaint, Lane Powell admits that the amount of fees asserted included an estimate of additional fees of $10,000.00. Lane Powell admits that the filed claims for Special Counsel Fees were not apportioned, because

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
708652.0007/5665818.2

apportionment is neither practical nor appropriate.  By way of further answer to Paragraph 6.1, the historical practice throughout the litigation referenced in paragraph 8.2 of Plaintiffs' Complaint (the "State Court Litigation") was for EWTCM to pay all of the fees incurred in the State Court Litigation as it was the primary defendant in the State Court Litigation, and this practice was confirmed in the engagement letter executed in connection with Lane Powell's employment in the Bankruptcy Cases.  By way of further answer to Paragraph 6.1 of the Complaint, Lane Powell denies the remaining allegations.

12.    In answer to the allegations of Paragraph 6.2 of the Complaint, Lane Powell denies that Kartar timely objected to the Special Counsel Fee Claim.  By way of further answer to Paragraph 6.2, Lane Powell admits that a scheduling conference was held on March 13, 2013, and that the Court directed that more specific allegations supplementing the Plaintiffs' earlier filed objections and counterclaims to the Special Counsel Fee Claim be filed in the form of a more specific complaint.

13.    In answer to the allegations of Paragraph 7.1 and Paragraph 7.2 of the Complaint, Lane Powell admits the allegations.

14.    In answer to the allegations of Paragraph of 7.3 of the Complaint, Lane Powell admits that on June 15, 2012, the Bankruptcy Court entered an order approving employment of Lane Powell as special counsel for EWTCM.  (ECF No. 129.)  In further answer to the allegations of Paragraph 7.3 of the Complaint, Lane Powell admits that on June 27, 2012, Foster Pepper, in its role as general bankruptcy counsel for Debtor in Possession Kartar, filed the application of Lane Powell to serve as Special Counsel.  In further answer to the allegations of Paragraph 7.3, Lane Powell admits that an objection to the application of Lane Powell to be employed in Kartar's bankruptcy case was filed by the "Private Plaintiffs" (identified in other pleadings as Sardarni Guru Amrit Kaur Khalsa, Avtar Hari Singh Khalsa, Guru Raj Kaur Khalsa, Gurutej Singh Khalsa and Guru Sangat Kaur Khalsa) and further admits that the State of Oregon

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

and the "Adversary Plaintiffs" (identified in other pleadings as Sardarni Guru Amrit Kaur Khalsa, Avtar Hari Singh Khalsa, Guru Raj Kaur Khalsa, Gurutej Singh Khalsa and Guru Sangat Kaur Khalsa) filed joinders in these objections (collectively, "the Objection").  Lane Powell, however, was later informed by the Private Plaintiffs' counsel that, as a result of the settlement of the State Court Litigation, the Objection filed by Private Plaintiffs had been abandoned.  (*See* Exhibit C:  Emails from Joe Van Leuven dated January 29, 2013.)  By way of further answer to Paragraph 7.3, Lane Powell affirmatively states that the Bankruptcy Court entered an order on February 26, 2013, granting the employment application of Lane Powell filed by the Debtor Kartar on June 27, 2012.  (ECF No. 388.)  Lane Powell denies all remaining allegations of Paragraph 7.3 of the Complaint.

15.    In answer to the allegations of Paragraph 7.4 of the Complaint, Lane Powell admits the allegations.

16.    In answer to Paragraph 7.5 of the Complaint, Lane Powell admits that a global settlement of certain claims between Kartar and EWTCM and certain non-debtor entities was reached and was approved by the Bankruptcy Court after notice to creditors.  In further answer to Paragraph 7.5 of the Complaint, Lane Powell asserts that the settlement documents speak for themselves and no answer is required.  As to the remaining allegations of Paragraph 7.5 of the Complaint, Lane Powell is without sufficient knowledge or information to admit or deny such allegations and, therefore, denies the same.

17.    In answer to the allegations of Paragraph 7.6 of the Complaint, the documents speak for themselves and no answer to such allegations is required.

18.    In answer to the allegations of Paragraph 7.7 of the Complaint, the documents speak for themselves and no answer to such allegations is required.

19.    In answer to the allegations of Paragraph 7.8 of the Complaint, the documents speak for themselves and no answer to such allegations is required.  In further answer to

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
708652.0007/5665818.2

Paragraph 7.8 of the Complaint, Lane Powell states that the Disclosure Statement did not provide any explanation for the nature of any objection to the fee claims of Lane Powell, but merely identified them as disputed and stated further that: "If allowed such claims will be paid in full as provided in the Plan." By way of further answer to Paragraph 7.8, the Debtors' Disclosure Statement did not reference any malpractice claims against Lane Powell.

20.    In answer to the allegations of Paragraph 7.9 of the Complaint, Lane Powell admits that the Debtors filed LBF #1182 and admits that the form lists certain parties and that it did not object to the form as filed. By way of further answer to Paragraph 7.9, Lane Powell denies that the Debtors properly filed these reports as it is a debtor's duty under LBR 3020-1(a) to file such a report, and to ascertain and list all professional and administrative claims outstanding, which was not done in this case. The Debtors were aware of the scope, nature, and amount of the services that Lane Powell was providing, based on the near daily contacts between the Debtors and their representatives in regards to Lane Powell's active defense of the Debtors in the State Court Litigation pending before Judge Leslie Roberts ("Judge Roberts"). Lane Powell's services in the State Court Litigation benefitted the Debtors' estates and supported the Debtors' efforts to reach satisfactory settlements with the Private Plaintiffs and the Oregon State Attorney General.

21.    In answer to the allegations of Paragraphs 7.10 through 7.12 of the Complaint, the documents speak for themselves and no answer is required.

22.    In answer to the allegations of Paragraph 7.13 of the Complaint, Lane Powell admits it did not object to the confirmation of the Debtors' Joint Plan or to the approval of the Disclosure Statement or the settlement. By way of further answer to Paragraph 7.13, Lane Powell denies the allegations that Lane Powell failed to keep the Debtors and their counsel apprised of its activities in the State Court Litigation. In fact, Lane Powell had near daily contact with the Debtors' representatives concerning the nature and scope of Lane Powell's

PAGE 6 OF 23        ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND
                    COUNTERCLAIM

representation in relation to the State Court Litigation and as to the amount of fees being incurred. As examples, Lane Powell incorporates by reference as affirmative allegations the facts provided in its Response to Objection to Claim (ECF No. 410) and the supporting declarations (ECF Nos. 411–413), which provide a sample of the significant amounts of communication occurring between the Debtors, their counsel, and Lane Powell attorneys, including communications regarding the Special Counsel Fee Claim. As to the allegations concerning the effective date of the Debtors' Joint Plan, the document speaks for itself, and no answer to this allegation is required.

23.     In answer to the allegations of Paragraph 7.14 of the Complaint, Lane Powell admits it filed its Special Counsel Fee Claim timely according to the provisions of the Debtors' Joint Plan. In further answer to the allegations of Paragraph 7.14, Lane Powell denies that it failed to disclose that an order had not yet been entered approving its employment as special counsel in Kartar's bankruptcy case. In fact, Lane Powell stated on Schedule A to the Special Counsel Fee Claim that its employment had been approved in the Debtor EWTCM's case and only requested in the Debtor Kartar's bankruptcy case.

24.     In answer to the allegations of Paragraph 7.15 of the Complaint, Lane Powell admits that Kartar, through his counsel, Foster Pepper, filed a document with the bankruptcy court that was titled *Withdrawal of Application for Employment of Lane Powell* PC *Nunc Pro Tunc* (ECF No. 377) without consulting or notifying Lane Powell, and with the knowledge that Lane Powell had continuously represented the Debtors in the State Court Litigation during the pendency of their bankruptcy cases. In further answer to Paragraph 7.15, Lane Powell affirmatively states that Kartar's purported withdrawal of the Lane Powell application did not constitute an objection to the Special Counsel Fee Claim. Lane Powell further represents that, when Lane Powell was contacted by the Bankruptcy Court to submit an order employing Lane

PAGE 7  OF 23     ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND
                  COUNTERCLAIM

Powell as Special Counsel in Kartar's Bankruptcy Case, the bankruptcy clerk was aware of ECF No. 377.

25. In answer to the allegations of Paragraph 7.16 of the Complaint, Lane Powell admits it filed and uploaded the motion and order referenced, but denies that the filing and uploading of such documents was either improper or unauthorized. Lane Powell admits the upload of the order was after the filing of ECF No. 377. Lane Powell affirmatively states that it uploaded the order based upon instructions from the Court through its clerk, and that the Court's clerk informed Lane Powell that the Court was aware of the purported withdrawal of the Application. Lane Powell denies the remaining allegations of Paragraph 7.16.

26. In answer to the allegations of paragraph 7.17 of the Complaint, Lane Powell admits that the Debtors filed objections to its Special Counsel Fee Claim, but asserts that such objections were not timely filed. Lane Powell denies that such objections were "supplementing" the purported withdrawal, and points out that such purported withdrawal occurred only in Debtor Kartar's case. Any objection to the Special Counsel Fee Claim by the Debtor EWTCM, therefore, is undeniably late and should be dismissed.

27. In answer to the allegations of Paragraph 7.18 of the Complaint, Lane Powell states that the documents speak for themselves and the allegations are not directed at Lane Powell, so no answer is required.

28. In answer to Paragraph 7.19, Lane Powell admits that it filed a claim for prepetition services and that such claim was settled through the filing of a stipulated order. (ECF No. 428.) This document speaks for itself and no further answer of the allegations of Paragraph 7.19 is required.

29. In answer to Paragraph 8.1 of the Complaint, Lane Powell denies that the 2007 transaction involved the transfer of majority ownership shares of EWTC. By way of further

PAGE 8 OF 23   ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM

answer to Paragraph 8.1, Lane Powell admits that it represented the entity known as Golden Temple Management, LLC ("GTM") in the 2007 transaction.

30.     In answer to the allegations contained in Paragraph 8.2, Lane Powell denies the allegations contained in Paragraph 8.2, except for the allegation that the State Court Litigation was handled by Judge Roberts.

31.     In answer to the allegations contained in Paragraph 8.3, Lane Powell admits that it represented EWTC in several matters including the State Court Litigation and the sale of EWTC's cereal division, intellectual property disputes, general corporate matters, and tax matters over a period of several years, and that it was paid for the work that it performed by EWTC and EWTCM and from insurance proceeds.

32.     In answer to Paragraph 8.4 of the Complaint, Lane Powell admits that a portion of its fees that were paid for services rendered to EWTCM and EWTC were paid from the proceeds of insurance policies of EWTCM and EWTC that were held in the Lane Powell trust accounts. By way of further answer to Paragraph 8.4, Lane Powell admits that several other counsel, including the Debtors' bankruptcy counsel, were paid from the aforementioned insurance funds, and that these funds was the primary source of retainers and bankruptcy related fees for payment of counsel for the Debtors, Foster Pepper, Josselson & Potter and Winston & Cashatt.

33.     In answer to the allegations of Paragraph 8.5, Lane Powell admits the allegations.

34.     In answer to the allegations of Paragraph 9.1 of the Complaint, Lane Powell admits that it represented EWTCM and Kartar as well as other defendants in the State Court Litigation. By way of further answer to Paragraph 9.1, Lane Powell admits that it represented EWTC in certain litigation, including litigation involving the cereal division of EWTC and intellectual property disputes brought by Bibiji Inderjit Kaur Puri ("Bibiji").

35.     In answer to the allegations of Paragraph 9.2 of the Complaint, Lane Powell admits that when its clients in the State Court Litigation began taking different positions on

PAGE 9  OF 23        ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND
COUNTERCLAIM

settlement issues in connection with the State Court Litigation, Lane Powell informed its clients that they should obtain separate counsel for the limited purpose of representation on such settlement matters.  Lane Powell further admits that its clients in the State Court Litigation thereafter employed Josselson & Potter (to represent the non-settling defendants) and Parsons, Farnell and Grein, LLP (to represent the settling defendants) for the limited purpose of representing these defendants in the settlement negotiations, and Lane Powell continued to represent its clients in the State Court Litigation.  By way of further answer to Paragraph 9.2 and based on the participation of Josselson & Potter and Parsons, Farnell and Grein, Lane Powell did not participate in many of the mediation sessions with Judge Michael Hogan, except insofar as it was asked to provide advice on matters such as tax issues related to proposed settlements of the State Court Litigation.  As to the remaining allegations of Paragraph 9.2, Lane Powell is without sufficient knowledge or information to form a belief as to such allegations and, therefore, denies such allegations.

36.     In answer to the allegations of Paragraph 9.3 of the Complaint, Lane Powell admits that it disclosed various representations in its application for employment as special counsel, but denies that it did not adequately disclose any conflicts of interest in the Bankruptcy Cases.  By way of further answer to Paragraph 9.3, Lane Powell denies that its prior representation of EWTCM (fka GTM) in the 2007 transaction was a conflict of interest in connection with its representation of the Debtors as Special Counsel, particularly in light of the separate representation of these parties by the other counsel representing them in settlement negotiations as noted in Paragraph 9.2 of the Complaint and Paragraph 35 of this answer.

37.     By way of answer to Paragraph 9.4 of the Complaint, Lane Powell admits that it obtained conflict waivers, that it disclosed the issues related to the conflict waivers in its application, and that it did not attach the conflict waivers to its application.  By way of further answer to Paragraph 9.4, Lane Powell asserts that at no time prior to submission of its

PAGE 10  OF 23      ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND
                    COUNTERCLAIM

Application did the Debtors or their other attorney representatives claim that such an alleged conflict of interest existed.   Lane Powell denies the remaining allegations contained in Paragraph 9.4 of the Complaint.

38.    In answer to the allegations of Paragraph 9.5 of the Complaint, Lane Powell admits that it declined to give advice on occasion to one or more of the Debtors based upon the allocation of responsibilities related to settlement of the State Court Litigation to other counsel noted above in Paragraph 36.   Lane Powell denies the remaining allegations set forth in Paragraph 9.5.

39.    In answer to the allegations of Paragraph 9.6 of the Complaint, Lane Powell admits its attorneys did not attend many of the mediation sessions, but denies the remaining allegations, particularly the allegation that its continued representation of the Debtors did not materially contribute to the settlement of the State Court Litigation that was approved by the Bankruptcy Court.   If the Debtors believed that the continued defense of the State Court Litigation by Lane Powell was not in the best interests of the Debtors' estates, they or their general bankruptcy counsel should have instructed Lane Powell to stop defending such State Court Litigation, which they did not do.

40.    In answer to the allegations of Paragraph 9.7 of the Complaint, Lane Powell admits it was a named defendant in a federal district court lawsuit by Bibiji, et al., pending under case number 3:10-cv-01532MO before Judge Michael Mosman (the "Bibiji Litigation"), along with Kartar, in an amended complaint filed on March 13, 2012, after Lane Powell obtained dismissal of the original complaint for failure to state a claim for relief.   By way of further answer to Paragraph 9.7 of the Complaint, Lane Powell admits it disclosed the claims asserted in the Bibiji Litigation in the employment applications filed in the Bankruptcy Cases.   By way of further answer to Paragraph 9.7 of the Complaint, Lane Powell denies that it had a conflict of interest arising from this disclosed fact, and further asserts that it obtained a conflict waiver from

PAGE 11  OF 23      ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND
                    COUNTERCLAIM

its clients in connection with the filing of the aforementioned claim in the Bibiji Litigation. Notwithstanding the express waiver from the Debtors themselves, if other bankruptcy counsel for the Debtors, who were fully aware of the filing of the claims in the Bibiji Litigation against both Lane Powell and Kartar, believed that there was a conflict of interest that arose from the asserted claim against Lane Powell in the Bibiji Litigation, they had a duty to raise this issue with both Lane Powell and the Bankruptcy Court, which they did not do.

41.    In answer to the allegations of Paragraph 9.8 of the Complaint, Lane Powell admits the second sentence of Paragraph 9.8 but denies the first sentence that it was not employed in Kartar's Bankruptcy Case.

42.    In answer to the allegations of Paragraph 9.9 of the Complaint, Lane Powell admits it did not allocate its time representing the Debtors in the State Court Litigation because allocation among its clients in the State Court Litigation was not practicable and Lane Powell's services benefitted both Debtors.  As previously noted, in keeping with historical practices which had never been objected to by the Debtors or their other professionals, Lane Powell expected to be paid by the primary defendant in the State Court Litigation, EWTCM.  Lane Powell further admits that it did not send bills to Kartar for this reason.

43.    In answer to the allegations of Paragraph 9.10 of the Complaint, Lane Powell denies the allegations set forth in Paragraph 9.10.

44.    In answer to the allegations of Paragraph 9.11 of the Complaint, Lane Powell denies the allegations.  By way of further response to Paragraph 9.11, Lane Powell affirmatively states that it did not bill time to the Debtors in representing its own interests, and in fact wrote off over $23,000.00 in fees on work it performed that it perceived as duplicative of other counsel's efforts or that it determined was not appropriate to bill to the Debtors.

45.    In answer to the allegations of Paragraph 9.12 of the Complaint, Lane Powell states that there are retention letters that address the payment responsibilities of EWTCM and the

PAGE 12  OF 23      ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
708652.0007/5665818.2

other defendants as noted above in Paragraph 42 of this Answer, and the respective payment responsibilities of EWTC.  Lane Powell denies the remaining allegations of Paragraph 9.12.

46.    In answer to the allegations of Paragraph 9.13 of the Complaint, Lane Powell admits the prepetition bills were addressed to the Debtor EWTCM as had been directed by EWTCM and that this was appropriate under the terms of the retention, which provided for EWTCM to pay the fees as it had historically done in the context of the State Court Litigation.

47.    In answer to the allegations of Paragraph 9.14 of the Complaint, Lane Powell denies the allegations.  Further, Lane Powell affirmatively states that its attorneys were in continual communication with the Debtors and their other counsel regarding the significant work and issues that Lane Powell attorneys were performing and addressing during the pendency of the Bankruptcy Cases, as well as the amount of the fees being incurred.  Particularly, Lane Powell sent a statement of its services from the Petition date through July 31, 2013, to EWTCM on August 16, 2012, which was in the amount of $199,974.14.

48.    The allegations contained in Paragraph 9.15 of the Complaint include asserted conclusions of law and, therefore, Lane Powell has no duty to respond.  By way of further answer to Paragraph 9.15, Lane Powell asserts that to the extent a response is required, Lane Powell admits that it is subject to the duties imposed by the Oregon Rules of Professional Conduct and denies it has failed to comply with such duties.

49.    In answer to the allegations of Paragraph 9.16 of the Complaint, Lane Powell denies the allegations.

50.    In answer to the allegations of Paragraph 9.17 of the Complaint, Lane Powell admits that when it created categories for the Special Counsel Fee Claim, it inadvertently failed to apply the ten percent (10%) discount on the total fees that it agreed to provide to the Debtors.  Accordingly, the amount of fees sought should have been $257,898.60 rather than the originally claimed fee amount of $286,554.00, making the total fee claim with the ten percent (10%)

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

discount, plus costs of $1,896.96 for a total of $259,795.56. By way of further answer to Paragraph 9.17, Lane Powell affirmatively states that the employment application does not preclude other attorneys from working for the Debtors, but provides those listed would be the professionals primarily responsible.

51. The allegations in the introductory paragraph of Section X of the Complaint contain allegations not directed at Lane Powell and, therefore, impose no duty to respond. To the extent that a response is required, Lane Powell denies the allegations.

52. In answer to the allegations of Paragraph 10.1 of the Complaint, Lane Powell denies that its attorneys performed duplicative tasks or tasks that were otherwise unnecessary in any hearings. The only example Plaintiffs have provided is a hearing for 1.2 hours that Mr. Horowitz and Mr. Davis attended. Mr. Horowitz is a tax attorney and Mr. Davis is a litigator. Lane Powell reserves the right to respond further to such allegations concerning duplication of efforts if Plaintiffs identify specific instances that they assert are objectionable.

53. In answer to the allegations of Paragraph 10.2 of the Complaint, Lane Powell denies that it improperly included too many attorneys to assist the Debtors and represent them in the State Court Litigation. By way of further answer to Paragraph 10.2 of the Complaint, Lane Powell affirmatively states that given the complexity of the State Court Litigation, the number of attorneys involved in the work was appropriate under the circumstances. More specifically, Lane Powell affirmatively states that these attorneys were necessary to respond to the many and immediate demands required as a result of the State Court Litigation, to assist the Debtors' bankruptcy counsel in filing a removal of the state court litigation, to pursue a writ of mandamus and appeal of orders issued in the State Court Litigation, and to assist and facilitate the settlement of the State Court Litigation and other claims. Lane Powell denies the remaining allegations of Paragraph 10.2.

PAGE 14  OF 23      ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND
                   COUNTERCLAIM

54.     In answer to the allegations of Paragraph 10.3 of the Complaint, Lane Powell denies that the time spent on bankruptcy matters was duplicative or unnecessary.  Lane Powell admits that, except for the notice of removal that Debtors' bankruptcy counsel directed that Lane Powell file and pleadings related to its employment, Lane Powell did not file other pleadings nor were they asked by other counsel to file any other pleadings in the Bankruptcy Cases.  Lane Powell further admits that both Debtors had independent bankruptcy counsel.  By way of further answer to Paragraph 10.3, denies the remaining allegations of Paragraph 10.3.

55.     In answer to the allegations of Paragraph 10.4, Lane Powell denies the conclusory allegations and requests a more definite statement, and reserves the right to respond when such specific statement is received.  By way of further answer to Paragraph 10.4, Lane Powell asserts that the time Lane Powell spent on bankruptcy matters was either at the request of the Debtors' bankruptcy counsel or was necessary to its work in relation to the State Court Litigation.

56.     In answer to the allegations of Paragraph 10.5 of the Complaint, Lane Powell acknowledges that the tax work performed by Lane Powell crossed over into the categories designated in its Application.  By way of further answer to Paragraph 10.5 of the Complaint, Lane Powell denies any remaining allegations of this paragraph.

57.     In answer to the allegations of Paragraph 10.6 of the Complaint, Lane Powell denies the allegations.  At all relevant times, the Debtors, as well as their counsel, were accurately informed of the scope, nature, and amount of the work Lane Powell was doing on the various appeals and mandamus actions, as well as the likelihood of prevailing on such actions.  Debtors and their counsel approved of all such filings.

58.     In answer to the allegations of Paragraph 10.7 of the Complaint, Lane Powell denies the allegations.  By way of further answer to Paragraph 10.7, Lane Powell notes that it included a total of 4.3 hours and $1,803 in fees in the Special Counsel Fee Claim related to

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
708652.0007/5665818.2

addressing conflict waiver issues, contrary to the allegation that such time expended was "substantial."

59.    In answer to the allegations of Paragraph 10.8 of the Complaint, Lane Powell denies the allegations.

60.    In answering the allegations of Paragraph 10.9 of the Complaint, Lane Powell admits that its employment application was approved in the Debtor EWTCM's case and affirmatively states it was approved in the Debtor Kartar's case.  Lane Powell further admits it prepared fee applications.  The last sentence of Paragraph 10.9 is a legal conclusion to which no response is required.  Lane Powell affirmatively states that any interim fee applications were not submitted based upon the Debtors' counsel's failure to coordinate such submission, and the Court's stated preference to postpone the Lane Powell employment issues until other issues, such as settlement and plan confirmation, had been resolved.   All remaining allegations in Paragraph 10.9 are denied.

61.    In answering the allegations of Paragraph 10.10 of the Complaint, Lane Powell admits the allegations.

62.    In answering the allegations of Paragraph 11.1 of the Complaint, Lane Powell admits the Debtor Kartar seeks such relief without consulting with Lane Powell prior to seeking such relief.  By way of further answer to Paragraph 11.1 Lane Powell denies Kartar is entitled to unilaterally withdraw the Lane Powell application, particularly without the professional courtesy of consultation which is required by the Oregon Rules, which did not occur.  Lane Powell further affirmatively states that the Order referenced granted both the motion for nunc pro tunc relief as to the Debtor EWTCM, and granted the employment application as to the Debtor Kartar.  Lane Powell did not make any false representations to the Bankruptcy Court and demands withdrawal of this claim pursuant to Fed. Bankr. R. Pro. 9011.  By way of further answer, to the extent that

PAGE 16  OF 23        ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND
                      COUNTERCLAIM

the allegations of Paragraph 11.1 state legal conclusions, no response is required.  Lane Powell denies all remaining allegations of Paragraph 11.1.

63.      The allegations in Paragraphs 11.2 through 11.7 of the Complaint state legal conclusions to which no response is required.  To the extent a response is required, Lane Powell denies the allegations and denies Plaintiffs are entitled to such relief.

## JURY DEMAND

64.      Lane Powell demands a trial by jury on the asserted claims to the extent provided for under applicable law.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

65.      The Complaint fails to state any facts sufficient to constitute any claim for relief.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

66.      The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of waiver.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

67.      The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

68.      The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of laches.

PAGE 17  OF 23      ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

69.     The Plaintiff failed to timely assert its objections to the Special Counsel Fee Claim and such objections should be dismissed with prejudice.

## SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

70.     Lane Powell hereby further reserves its rights to add additional affirmative defenses as the evidence warrants.

## COUNTERCLAIM FOR DECLARATORY JUDGMENT

## ON MALPRACTICE CLAIM

71.     In their February 26, 2013, Objection to Claim for Professional Fees Filed by Lane Powell PC, Plaintiffs asserted that they "have a multimillion dollar claim against [Lane Powell] for professional negligence[,]" which they alleged should fully offset Lane Powell's claim for fees.  In their Memorandum supporting that Objection, Plaintiffs referred to the malpractice claim as a "counterclaim" to Lane Powell's fee application.

72.     Upon information and belief, the malpractice claim to which Plaintiffs were referring relates to legal services that Lane Powell performed in connection with the 2007 Transaction referenced in paragraph 8.1 of Plaintiffs' Complaint (the "2007 Transaction") and/or the State Court Litigation.   According to statements made by counsel retained by Plaintiffs in connection with the alleged malpractice claim, Plaintiffs may contend that Lane Powell was negligent in one or more of the following respects, and perhaps others:

(a)     In failing to advise Plaintiffs to obtain their own separate "fairness opinion" concerning the 2007 Transaction;

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

708652.0007/5665818.2

(b)    In failing to advise Plaintiffs that members of the Board of Managers of Unto Infinity, LLC who would be voting on the 2007 Transaction were not "disinterested" for purposes of the 2007 Transaction; and

(c)    In failing to advise Plaintiffs that Lane Powell had an actual or potential conflict in representing Plaintiffs in the State Court Litigation because such representation would or could also involve defense of Lane Powell's own conduct in connection with the 2007 Transaction.

73.    The Court has jurisdiction over the dispute concerning the malpractice claim pursuant to 28 U.S.C. §§ 157(b)(2)(C), 1334, and 2201(a).

74.    In connection with the 2007 Transaction, Lane Powell reasonably relied and reasonably permitted its clients to rely upon the opinion provided by the expert appraisers at Cogence Group PC that the 2007 Transaction did not constitute an excess benefit transaction for income tax purposes and that the value received by Unto Infinity, LLC in the transaction was equal to the value of consideration that it provided in the transaction.

75.    In connection with the 2007 Transaction, Lane Powell reasonably believed that the members of the Board of Managers of Unto Infinity, LLC who would be voting on the 2007 Transaction were "disinterested" for purposes of the 2007 Transaction because no material benefit was provided to them under the terms of the 2007 Transaction and because it reasonably understood no material benefit had been promised to them outside of the 2007 Transaction in connection with their votes on that transaction.

76.    In representing Plaintiffs in the State Court Litigation, Lane Powell reasonably believed that no conflict existed due to its role in the 2007 Transaction because the propriety of Lane Powell's conduct in the 2007 Transaction was not at issue in the State Court Litigation and it had no substantial reason to believe that it was likely to be subject to malpractice liability in connection with the 2007 Transaction.

PAGE 19 OF 23    ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM

77.     Based on the findings and conclusions of the state court in the State Court Litigation that (1) the business of Golden Temple of Oregon, Inc. was held in trust for the benefit of the Sikh Dharma community, and (2) the "fair" value of that business was in excess of $100 million, as well as the financial realities in place at the time of the 2007 Transaction, no deal in 2007 could have been completed at the "fair" price as determined by the state court, even if an additional "fairness opinion" had been obtained and even if Lane Powell had advised the voting members of the Board of Managers of Unto Infinity, LLC were not "disinterested" for purposes of the transaction.

78.     Based on the findings and conclusions of the state court in the State Court Litigation, Plaintiffs would not have prevailed in the State Court Litigation even if they had been represented by different counsel and even if they had asserted reliance on Lane Powell's advice in the 2007 Transaction.

79.     Given the extreme position taken in settlement negotiations by the Private Plaintiffs in the State Court Litigation, which would have required Plaintiffs to relinquish their entire interest in the Golden Temple business to settle the matter, Plaintiffs would not have been able to reach a pretrial settlement of the State Court Litigation even if they had been represented by different counsel in those negotiations.

80.     In performing all of its legal services in connection with the 2007 Transaction and the State Court Litigation, Lane Powell used that degree of care, skill, and diligence ordinarily used by attorneys practicing in the same or similar circumstances in the same or similar legal community.

81.     If Lane Powell had conducted itself in the manner in which Plaintiffs contend it should have conducted itself in connection with the 2007 Transaction and the State Court Litigation, the outcome that would have occurred would have been no more favorable than the actual outcome.

PAGE 20  OF 23      ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND
                    COUNTERCLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
708652.0007/5665818.2

82.    For the reasons stated in paragraphs 71 to 81 above, the Court should enter judgment declaring that Lane Powell is not liable to Plaintiffs for legal malpractice, and further declaring that Plaintiffs therefore owe the total discounted amount of $259,795.56 for Lane Powell's fees and costs incurred in service to the Debtors as special counsel in the Bankruptcy Cases, without any deduction or setoff.

## PRAYER FOR RELIEF

WHEREFORE, Lane Powell hereby requests that the Court enter an order:

1.    Dismissing Plaintiffs' claims for relief with prejudice;

2.    Allowing in full Lane Powell's fees and costs incurred in service to the Debtors as special counsel in the Bankruptcy Cases, in the total discounted amount of $259,795.56, to be paid pursuant to the Joint Plan in full, and thereby denying the alleged malpractice claims of the Plaintiffs and any other deduction or setoff from other pre- or post-petition claims of the Plaintiffs that may be alleged;

3.    Entering declaratory judgment in favor of Lane Powell on the malpractice claims;

4.    Granting Lane Powell recovery of its attorneys' fees and costs in defending its Special Counsel Fee Claim; and

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

708652.0007/5665818.2

5.    Granting Lane Powell such other relief as is just and reasonable under the circumstances.

DATED:  May 6, 2013

MCKITTRICK LEONARD LLP


By /s/ Justin D. Leonard
       Peter C. McKittrick, OSB No. 852816
       Justin D. Leonard, OSB No. 033736


LANE POWELL PC


By /s/ Mary Jo Heston
       Kenneth R. Davis, II, OSB No. 971132
       Mary Jo Heston, OSB No. 030438
       Peter D. Hawkes, OSB No. 071986
       Skyler M. Tanner, OSB No. 101589


KENNEDY, WATTS, ARELLANO & RICKS LLP


By /s/ Joseph C. Arellano
       Joseph C. Arellano, OSB No. 801518
       Susan E. Watts, OSB No. 773845


Attorneys for Defendant Lane Powell PC

ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND
                  COUNTERCLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 6, 2013, I caused to be served a copy of the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT ON OBJECTION TO CLAIM OF LANE POWELL PC AND COUNTERCLAIM on the following person(s) in the manner indicated below at the following address(es):

Dillon E. Jackson, Esq.
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
jackd@foster.com

*Plaintiffs' Counsel*

☑ **by CM/ECF**
☐ **by Electronic Mail**
☐ **by Facsimile Transmission**
☐ **by First Class Mail**
☐ **by Hand Delivery**
☐ **by Overnight Delivery**

/s/ Mary Jo Heston
Mary Jo Heston

PAGE 23 OF 23    ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT AND COUNTERCLAIM

Dillon E. Jackson, WSBA # 1539
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA  98101-3299
(206) 447-8962
(206) 749-1959
jackd@foster.com
Attorneys for Debtor
Pro Hac Vice

Irving Potter
Josselson & Potter
9400 SW Bvtn-Hisdl Hwy
Beaverton, OR  97005
(503) 228-1455
Fax (503) 228-0171
irving@jprlaw.com
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re<br><br>KARTAR SINGH KHALSA and<br>EWTC MANAGEMENT, LLC,<br>f/k/a Golden Temple Management, LLC,<br><br>                  Debtors. | Case No. 12-60538-fra11 and<br>          12-60536-fra11<br><br>(Jointly Administered)<br><br>OBJECTION TO CLAIM FOR<br>PROFESSIONAL FEES FILED BY<br>LANE POWELL PC |

Come now the Debtors herein and Joint Plan proponents for the First Amended Joint Plan confirmed on December 14, 2012 and object to the application for approval of professional fees approved filed Lane Powell, PC.

PAGE 1 of 2 – OBJECTION TO ADMINISTRATIVE CLAIM

51279594.1

The fees are excessive in many respects, further the application should be barred by the principals of estoppel as the applicant never submitted a statement for their services during the course of the case and failed to inform the debtors of their claim throughout the disclosure and plan confirmation process. The applicant failed to object to the plan and disclosure statement which clearly did not contemplate this claim. Failure to file an objection or provide information about the Lane Powell claim at the time of the plan confirmation and disclosure statement process was not excusable and should bar the application from approval of their application.

In addition, the debtors have a multimillion dollar claim against the applicant for professional negligence. An the Debtor has hired counsel to pursue the malpractice claim. Such claim far exceeds the value of the services rendered and are a legitimate basis for objection to the application.

This objection is supported by the Memorandum filed herewith.

DATED this 26th day of February, 2013.

FOSTER PEPPER PLLC

*s/ Dillon E. Jackson*

_____
Dillon E. Jackson, WSBA #1539
Attorneys for Debtor-in-possession
Kartar Singh Khalsa
And for Joint Plan Proponents Kartar Singh
Khalsa and EWTC Management LLC.

PAGE 2 of 2 – OBJECTION TO ADMINISTRATIVE CLAIM

51279594.1

Dillon E. Jackson, WSBA # 1539
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA  98101-3299
(206) 447-8962
(206) 749-1959
jackd@foster.com
Attorneys for Debtor
Pro Hac Vice

Irving Potter
Josselson & Potter
9400 SW Bvtn-Hisdl Hwy
Beaverton, OR  97005
(503) 228-1455
Fax (503) 228-0171
irving@jprlaw.com
Attorneys for Debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

|  |  |
|---|---|
| In re<br><br>KARTAR SINGH KHALSA and<br>EWTC MANAGEMENT, LLC,<br>f/k/a Golden Temple Management, LLC,<br><br>                      Debtors. | Case No. 12-60538-fra11 and<br>            12-60536-fra11<br><br>(Jointly Administered)<br><br>MEMORANDUM IN SUPPORT OF<br>OBJECTION TO CLAIM FOR<br>ADMINISTRATIVE EXPENSE<br>PROFESSIONAL FEES |

Come now the Debtors herein and Joint Plan proponents for the First Amended Joint Plan confirmed on December 14, 2012 and file this memorandum in support of their objection to the application for approval of professional fees approved filed Lane Powell, PC.

PAGE 1 of 4 – MEMORANDUM ON OBJECTION TO ADMINISTRATIVE CLAIM

51279610.1

## I. BACKGROUND.

The application for employment of Lane Powell was approved in the EWTC case. It was not approved in the Kartar Singh Khalsa case, due to an objection filed against the employment. After the effective date of the Joint Plan, Lane Powell filed an application for professional fees. The amount sought exceeded the bills filed by the principal debtor counsel in the case.

On January 29, 2013 Lane Powell filed an application to have their employment in the EWTC case approved as a *nunc pro tunc* to the petition date, falsely representing that the motion evidenced a directive of EWTC Management, [Docket 374]. However, as stated, employment by EWTC Management was approved on June 6, 2012 [Docket 115] (case#12-60536). The issue of extending the *nunc pro tunc* treatment for the EWTC services from the date of the application to the earlier petition date, was not contested and order was entered so providing on February 26, 2013.[1]

On January 31, 2013, Kartar Singh Khalsa withdrew the application to employ Lane Powell in his case. This withdrawal had the effect of objecting to the application filed by Lane Powell. This objection is intended to make clear that approval of the application is contested by the Joint Debtors.

## II. COUNSEL NEVER INFORMED THEIR CLIENTS OF THEIR CHARGES.

A fundamental duty of an attorney is to keep the client informed of their activities and their charges in a timely manner. From the date of the filing of the case until almost one year had past, Lane Powell provide no information to their purported clients on the extent and amount of their charges. Event at time of dissemination of the disclosure statement, no information was provided. At confirmation of the Joint Plan no information was provided.

---

[1] The order erroneously indicated that employment by Kartar Singh Khalsa was also nunc pro tunc, but the motion was filed (allegedly) by EWTC.

PAGE 2 of 4 – MEMORANDUM ON OBJECTION TO ADMINISTRATIVE CLAIM

### III. FEES FOR WHICH APPROVAL ARE SOUGHT ARE EXCESSIVE AND UNREASONABLE.

The amount of the fees asserted by the applicant is excessive and will be further addressed after discovery has been taken.  However, review of the categories and time indicates far more time was expended, far more personnel with varying familiarity with the case than prudent were thrown at this matter without regard to appropriate restraint and efficiency. Further, certain items were billed for improperly.

#### 3.1 Litigation.

The time spend on the litigation was excessive.  Debtor had other counsel in the state court matter.  The duplication of effort should be been avoided.  The number of counsel working on the matter created inefficiencies including enumerable internal attorney conferences needed to get the large number of counsel on the matter up to speed and coordinated.  Further, in this function many actions duplicated efforts of bankruptcy counsel, (without a request for input) and thus exceeded the specific purposes on which special counsel sought employment.

#### 3.2 Appeal.

Lane Powell's efforts on the appeal of matters before the Oregon Supreme Court are a mystery since the efforts taken and the high cost of those efforts were not communicated at the time.  However, other counsel were pursuing the same relief and the excessive cost indicates a lack of coordination with other petitioners before the Court.  The appeal efforts contrary to the allegation in the application had no influence on settlement of the case.

#### 3.3 Mediation and Settlement.

Statements that Lane Powell's efforts materially assisted in the settlement of this case are simply untrue.  There is obvious overlap and blurring of the tax services provided.  The debtor had other tax experts and while Lane Powell was consulted the total time across numerous categories results in what appears to be either overbilling or duplicative billing for the same services.

PAGE 3 of 4 – MEMORANDUM ON OBJECTION TO ADMINISTRATIVE CLAIM

51279610.1

**3.4 Items Requested by Bankruptcy Counsel.**

5.2 hours in conferring with bankruptcy counsel is reasonable and did occur.

**3.5 Employment Application.**

$31,047.50 for prosecuting an employment application when no hearing was held on the objection to employment is not reasonable.  Most of the time appears to have been taken dealing with conflicts of interest.  A firm's time and effort to clear their own conflicts are not properly chargeable to the client.

## IV. COUNTERCLAIM.

As indicated in the objection the Joint Debtors have a large claim against the Lane Powell firm for professional negligence.  The claim far exceeds the amount of the fee application.  Discussion of the details of the claim, are not in the interests of the Debtors or the applicant in this memorandum, but can be detailed as provided by the Court and the parties at a scheduling conference.

## V. DISCOVERY.

Because of the stark lack of communication of their efforts and billings with their clients only a part of the information indicated in the application filed in this case is familiar.  For such activities which are known, such as the single appearance at the mediation in Eugene and direct communications with debtor counsel, no further information is necessary.  However, on other activities stated in the time records.  Discovery will be necessary.

## VI. REQUEST FOR HEARING.

Objecting parties request the court set a scheduling conference on this dispute.

DATED this 26th day of February,  2013.

FOSTER PEPPER PLLC

_s/ Dillon E. Jackson_
Dillon E. Jackson, WSBA #1539
Attorneys for Debtor-in-possession
Kartar Singh Khalsa
And for Joint Plan Proponents Kartar Singh
Khalsa and EWTC Management LLC.

PAGE 4 of 4 – MEMORANDUM ON OBJECTION TO ADMINISTRATIVE CLAIM

51279610.1

**Heston, Mary Jo**

| | |
|---|---|
| **From:** | _joevanleuven@DWT.COM |
| **Sent:** | Tuesday, January 29, 2013 3:40 PM |
| **To:** | Heston, Mary Jo |
| **Cc:** | Dillon E. Jackson (jackd@foster.com); _johnmcgrory@dwt.com |
| **Subject:** | Your fees in Kartar's bankruptcy case. |

MJ, as I told Dillon my clients no longer have a dog in this fight, since under the settlement and plan, we are mostly "done" with Kartar and there is a specific carveout from our indemnity for the fees of his bankruptcy lawyers. Accordingly, I will not be pursuing my objections to LP's employment etc.

**Joseph VanLeuven** | Davis Wright Tremaine LLP
1300 SW Fifth Avenue, Suite 2400 | Portland, OR 97201
Tel: (503) 778-5325 | Fax: (503) 276-5725
Email: joevanleuven@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

1

Exhibit C
Page 1

# Heston, Mary Jo

| | |
|---|---|
| **From:** | _joevanleuven@DWT.COM |
| **Sent:** | Tuesday, January 29, 2013 5:31 PM |
| **To:** | Heston, Mary Jo |
| **Cc:** | _johnmcgrory@dwt.com |
| **Subject:** | RE: Withdrawal of objection |

Upon reflection, I don't want to be caught in the middle of whatever fight is brewing between your firm and Kartar/Dillon so I think we will just stand pat and leave things as they are but I won't be filing any oppositions

**Joseph VanLeuven | Davis Wright Tremaine LLP**
1300 SW Fifth Avenue, Suite 2400 | Portland, OR 97201
Tel: (503) 778-5325 | Fax: (503) 276-5725
Email: joevanleuven@dwt.com | Website: www.dwt.com

Anchorage | Bellevue | Los Angeles | New York | Portland | San Francisco | Seattle | Shanghai | Washington, D.C.

**From:** Heston, Mary Jo [mailto:HestonM@LanePowell.com]
**Sent:** Tuesday, January 29, 2013 5:02 PM
**To:** VanLeuven, Joe
**Subject:** Withdrawal of objection

We did not put in certificate of service.  I am assuming your assistant will do that.

---

This message is private or privileged. If you are not the person for whom this message is intended, please delete it and notify me immediately, and please do not copy or send this message to anyone else.

Please be advised that, if this communication includes federal tax advice, it cannot be used for the purpose of avoiding tax penalties unless you have expressly engaged us to provide written advice in a form that satisfies IRS standards for "covered opinions" or we have informed you that those standards do not apply to this communication.

Exhibit C
Page 2