Peter C. McKittrick, OSB No. 852816
pmckittrick@ml-llp.com
Justin D. Leonard, OSB No. 033736
jleonard@ml-llp.com
**McKITTRICK LEONARD LLP**
111 SW Columbia, Ste. 1100
Portland, Oregon 97201
Telephone: 971.634.0190
Facsimile: 971.634.0250

Kenneth R. Davis, II, OSB No. 971132
davisk@lanepowell.com
Mary Jo Heston, OSB No. 030438
hestonm@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

Joseph C. Arellano, OSB No. 801518
arellano@kwar.com
Susan E. Watts, OSB No. 773845
watts@kwar.com
**KENNEDY, WATTS, ARELLANO & RICKS LLP**
1211 SW Fifth Avenue, Suite 2850
Portland, Oregon 97204-3733
Telephone: 503-228-6191
Facsimile: 503-228-0009

Attorneys for Defendant Lane Powell PC

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Kartar Singh Khalsa | ) | CASE NO. 12-60538-fra11 and |
| EWTC Management, LLC | ) | 12-60536-fra11 |
| f/k/a Golden Temple Management, LLC, | ) | |
| | ) | (JOINTLY ADMINISTERED) |
| Debtors. | ) | |
| Kartar Singh Khalsa, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | ADV. NO. 13-6040-fra |
| | ) | OBJECTION TO MOTION TO LIMIT |
| v. | ) | ISSUES FOR OBJECTION TO LANE |
| | ) | POWELL CLAIM FOR FEES |
| Lane Powell PC, | ) | REPRESENTING THE DEBTORS |
| | ) | |
| Defendant. | ) | |

PAGE 1  OF 15     OBJECTION TO MOTION TO LIMIT ISSUES FOR OBJECTION TO
LANE POWELL CLAIM

Lane Powell PC ("Lane Powell") objects to the Debtors' motion (the "Motion"), which seeks: (i) to exclude from the Court's consideration of Lane Powell's fee claim for its services as special counsel to the Debtors ("Lane Powell Fee Claim"), Debtors' asserted counterclaim for malpractice (the "Debtors' Counterclaim"), which was set forth in the Debtor's initial objections to the Lane Powell Fee Claim (Bankr. ECF Nos. 389 & 390) (the "Initial Fee Objections"); and (ii) an order from the Bankruptcy Court determining that the Debtors' Counterclaim is not a counterclaim that must be asserted within the meaning of Fed. R. Civ. P. 13 as incorporated by Fed. R. Bankr P. 7013 ("Rule 13(a)"). Both requests for relief are inappropriate and should be denied.

First, counsel for the Debtors has again failed to confer with counsel for Lane Powell regarding their intent to file the Motion. The Local Bankruptcy Rules permit the summary denial of motions that fail to include such a conferral and certification regarding that conferral.

Second, the requested relief in the Motion should be denied based on Lane Powell's filed answer (the "Answer") to the Debtors' complaint (the "Complaint"), which Answer asserts a counterclaim seeking entry of declaratory judgment on the alleged malpractice claims held by the Debtors' estates (the "Lane Powell Counterclaim"). *See* Answer (Adv. ECF No. 13), with Lane Powell Counterclaim at ¶¶ 71–82. Based on the Lane Powell Counterclaim, the malpractice assertions are squarely before the Court.

Third, the Motion's request to determine the nature of the Debtors' Counterclaim is premature. No specific allegations concerning the Debtors' Counterclaim in connection with the 2007 Transaction have been filed. Without such specific allegations, the Motion's request for a determination of whether the Debtors' Counterclaim comes within the scope of Rule 13(a) requires the Court to enter an advisory opinion. Thus, the relief should be denied on that basis alone.

OBJECTION TO MOTION TO LIMIT ISSUES FOR OBJECTION TO
                              LANE POWELL CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
708652.0007/5666882.3                    PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Fourth, the Initial Fee Objections and the allegations of the Complaint (detailed below) raise numerous issues concerning Lane Powell's representation of the Debtors (and others), commencing with the 2007 Transaction and terminating in Lane Powell's defense of the Debtors in connection with the 2007 Transaction as special counsel in the bankruptcy case (together, the "Lane Powell Representation"). The Debtors' own allegations make it clear that the Debtors' Counterclaim constitutes a compulsory counterclaim under the provisions of Rule 13(a).

Fifth, even if the Court were to determine the Debtors' Counterclaim is not a compulsory counterclaim, it is a permissive counterclaim that will be barred by claim preclusion from this adversary proceeding. The Debtors' choice to not litigate the Counterclaim here will bar them from raising it.

Based on the foregoing, Lane Powell requests that this Court deny the relief requested in the Motion.

## I.  <u>FACTUAL BACKGROUND</u>

On January 28, 2013, Lane Powell filed the Lane Powell Fee Claim in accordance with the deadlines set forth in the Debtors' Joint Plan (the "Plan"). On February 26, 2013, after the deadline for filing a timely objection to the Lane Powell Fee Claim, Debtors filed their Initial Fee Objections in which they (i) asserted that they "have a multimillion dollar claim against [Lane Powell] for professional negligence[,]" which they alleged should fully offset the Lane Powell Fee Claim (Bankr. ECF No. 389), and (ii) referred to the malpractice claim as a "counterclaim" to the Lane Powell Fee Claim (Bankr. ECF No. 390). Based on a status conference with this Court, the Debtors were ordered to file a complaint with more specific allegations supporting the general statements included in the Initial Fee Objections.

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
708652.0007/5666882.3        PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

The Complaint includes several general references to the Debtors' Counterclaim and its asserted impact on the Lane Powell Fee Claim, including the following:

### IV. EXCLUSION.

[T]he malpractice claim is a claim against Lane Powell's fee demand made in the bankruptcies \*\*\*.

\*\*\*

**7.5 Mediation and Settlement**
\*\*\* The Settlement Agreement provides for certain cooperation and sharing of recoveries with regard to "Malpractice Claims." Malpractice Claims are defined as "malpractice and other claims against attorneys, accountants, appraisers and other professionals (including, but not limited to, Schwabe, Williamson & Wyatt, Roy Lambert, Lane Powell and Cogence Group) concerning, related to or arising from the Transaction." Settlement Agreement § 2.t.

\*\*\*

**7.8 Dispute Disclosed.**
The Disclosure Statements specifically stated that the claim filed by Lane Powell and any administrative claim was disputed. The Disclosure Statement also referenced the malpractice claim recovery sharing provisions in the Settlement.

\*\*\*

**7.17 Objection to Claim.**
On February 26, 2013 EWTC and Kartar each filed objection to the claim of Lane Powell in their cases supplementing their withdrawal of the application to employ Lane Powell filed earlier.

\*\*\*

**9.2 Conflict.**  In late 2011, prior to the filing of these cases, Lane Powell informed the members of EWTC and Kartar that it had a conflict and directed them to employ separate counsel \*\*\*.

\*\*\*

**9.3 Inadequate Disclosure.**  Lane Powell's fee application papers recite various representations, but do not adequately disclose the conflicts of interest in the case. One conflict that was not disclosed at all was its own interest in defending the 2007 Transaction in which it represented the buyer.

Complaint (Adv. ECF No. 1).

OBJECTION TO MOTION TO LIMIT ISSUES FOR OBJECTION TO LANE POWELL CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
708652.0007/5666882.3

Additionally, the Complaint acknowledges that the Lane Powell Representation commenced with the 2007 Transaction and continued postpetition through its defense of the 2007 Transaction in the state court litigation before Judge Roberts (the "State Court Litigation"), until the matter was settled in the Debtors' Bankruptcy Cases.

Contrary to the Debtors' position in the earlier filed Initial Fee Objections, and contrary to the Court's direction to file more specific allegations concerning those earlier filed general statements asserting malpractice as a counterclaim to the Lane Powell Fee Claim included in the Initial Fee Objections, the Complaint avoids making specific allegations concerning the Debtors' Counterclaim and the alleged malpractice of Lane Powell in the course of the Lane Powell Transaction.  Instead, the Complaint asks the Court to ignore the Debtors' prior malpractice assertions:  "[T]he Court should not adjudicate the malpractice claim."  Complaint, Section IV (Adv. ECF No. 1).  The Debtors then add that in the event the Court rules otherwise, "this Complaint will be amended ***."  *Id.*

Additionally, the Debtors' recently served discovery requests on Lane Powell seeking production of documents and responses starting in 2006 that relate to the 2007 Transaction. These requests further show that the Debtors acknowledge a connection between the Lane Powell Fee Claim and the Debtors' Counterclaim.

The Debtors above-described schizophrenic and inconsistent approaches to the scope of the claims contained or that should be contained in the Complaint generally negate the statements made in the Motion that there is no connection between the Lane Powell Fee Claim and the 2007 Transaction.  Rather, the Debtors' statements illustrate that there is a logical relationship between the objections to the Lane Powell Fee Claim and the Debtors' Counterclaim.

In light of this connection and in recognition that the discovery and the determination of the various issues on the Lane Powell Fee Claim will necessitate this Court's detailed

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

consideration of the evidence concerning the Lane Powell Representation commencing with the 2007 Transaction, Lane Powell included the Lane Powell Counterclaim in its Answer.  *See* Answer (Adv. ECF No. 13), with Lane Powell Counterclaim at ¶¶ 71–82.

## II. <u>LEGAL ANALYSIS</u>

### A. <u>The Debtors' Counsel's Repeated Failure in these Bankruptcy Cases to Confer with Counsel for Lane Powell and to Certify as Required by the Local Bankruptcy Rules Warrants Dismissal of the Motion.</u>

LBR 7007-1(a) requires that a party confer and certify that it has conferred in good faith with the opposing party prior to filing any motion, except a motion for a temporary restraining order.  A court may dismiss any motion that does not include this certification as the first paragraph of the motion.  Here, the Debtors' counsel failed to confer concerning the Debtors' intent to file the Motion.  Further, the Motion does not contain any certification that the Debtors have conferred as required by LBR 7007-1(a).  Accordingly, the Court should deny the Motion based on this and previous failures to confer with counsel for Lane Powell.

### B. <u>The Lane Powell Counterclaim Puts the Alleged Malpractice Claims Before this Court, Making the Relief Requested in the Motion Improper.</u>

The relief requested in the Motion is inappropriate based on the filing of the Lane Powell Counterclaim, which puts the malpractice allegations squarely before the Court.  The fact that the Lane Powell Counterclaim has not been resolved is a sufficient basis for denial of the relief requested in the Motion.

### C. <u>The Motion Improperly Requests the Court Enter an Advisory Opinion Based on Speculative and Unknown Factual Allegations.</u>

The Motion asks the Court to issue a declaratory judgment determining that the Debtors' Counterclaim would not be a compulsory counterclaim, yet the Motion does not provide any specific allegations related to the alleged negligence of Lane Powell.  Accordingly, the Motion seeks the entry of an advisory opinion from the Court because it requests the Court decide an issue based upon hypothetical facts.  "It is well settled that federal courts do not render advisory

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
708652.0007/5666882.3

opinions." *Krug v. Woods*, No. 92-16578, 1993 WL 460704, at *1 (9th Cir. Nov. 8, 1993) (*citing Hillblom v. United States*, 896 F.2d 426, 430 (9th Cir. 1990)). Federal courts must have more than speculative or hypothetical facts to provide judicial relief. *Hillblom*, 896 F.2d at 430. Thus, the relief requested in the Motion is premature, and the Court should direct the Debtors to set forth the specifics related to the Debtors' Counterclaim in the Complaint or proceed at their own risk, without the benefit of an advisory comfort order from this Court.

**D.    The Debtors' Counterclaim Constitutes a Compulsory Counterclaim Under Rule 13(a).**

Nevertheless, if the Court decides to issue an opinion based on the relief requested in the Motion, it should deny the Motion and require that any malpractice claim be litigated as a compulsory counterclaim to the Lane Powell Fee Claim.

**1.    The Ninth Circuit's Logical Relationship Test**

In determining whether a claim is compulsory, the Ninth Circuit applies a logical relationship test to analyze whether the facts of the claims are so connected that considerations of judicial economy and fairness dictate that the issues be resolved in one suit. *See Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). A "logical relationship" "exists where the counterclaim arises from the same set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims or the aggregate core of facts upon which the claim rests activates the additional legal rights otherwise dormant in the defendant." *Schulman v. California (In re Lazar)*, 237 F.3d 967, 979 (9th Cir. 2001).

In determining whether claims have a logical relationship, a court must use the compulsory counterclaim standard, which was initially explained by the United States Supreme Court as having sufficient flexibility to "comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *See Moore v. N.Y. Cotton Exchange*, 270 U.S. 593, 610 (1926).

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
708652.0007/5666882.3              PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

In their Motion, the Debtors are not accurate in their suggestion that the prepetition nature of the alleged malpractice claim related to the 2007 Transaction is determinative of whether or not such claims are mandatory counterclaims to the Lane Powell Fee Claim. The Lane Powell Representation included services as special counsel in the State Court Litigation that were a continuation of the services Lane Powell had provided in the State Court Litigation prepetition. Still, even in cases where a line could theoretically be drawn between pre- and postpetition activity for Rule 13(a) purposes, courts have ruled otherwise. For example, in *TLC Hospitals, Inc.*, 224 F.3d 1008 (9th Cir. 1999), the Ninth Circuit considered whether Medicare overpayments for nursing services in one fiscal year arising from the same transaction as its underpayments to the same entity in a later fiscal year were part of the same transaction or occurrence as contemplated in Rule 13(a). The Ninth Circuit held that the overpayments and underpayments from year-to-year are a part of the same transaction in the Medicare context, despite the fact that the underpayments bridged both the pre- and postpetition periods. In so holding, the Ninth Circuit noted that the crucial factor in determining whether two events are part of the same transaction is the "logical relationship" between the two. *Id.* at 1012 (*citing Newbery Corp. v. Fireman's Fund Ins. Co.*, 95 F.3d 1392, 1403 (9th Cir. 1996)). It stated that a "transaction" may include "a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Id.* (*citing Moore*, 270 U.S. at 610).

Furthermore, as noted by the Ninth Circuit in *Pochiro* and by other Circuit Courts, one of the primary purposes of Rule 13(a) is to promote judicial economy and efficiency. The Third Circuit Court of Appeals stated in this regard as follows:

> The phrase "logical relationship" is given meaning by the purpose of the rule which it was designed to implement. Thus, a counterclaim is logically related to the opposing party's claim when separate trials on each of their respective claims would involve a substantial duplication of effort and time by the parties

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
708652.0007/5666882.3      PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

> and the courts.  Where multiple claims involve many of the same
> factual issues, or the same factual and legal issues, or where they
> are offshoots of the same basic controversy between the parties,
> fairness and considerations of convenience and of economy require
> that the counterclaimant be permitted to maintain his cause of
> action.

*Great Lakes Rubber Corp. v. Herbert Cooper Co.*, 286 F.2d 631, 634 (3rd Cir. 1961).

### 2.    Application of the Logical Relationship Test

A logical relationship exists based on the significant overlap of evidence, factual issues, and legal issues related to the Lane Powell Fee Claim and the Debtors' Counterclaim, despite the lack of clarity regarding the Debtors' malpractice claims.  The Debtors first disclosed to Lane Powell that it was considering filing a malpractice claim based upon the 2007 Transaction at the time of settlement of the State Court Litigation, near the end of Lane Powell's representation of the Debtors as Special Counsel.  Debtors' malpractice counsel has advised Lane Powell and its malpractice counsel orally that the Debtors may claim Lane Powell committed malpractice

(a) in failing to advise plaintiffs to obtain their own separate "fairness opinion" concerning the 2007 Transaction;

(b) in failing to advise plaintiffs that members of the Board of Managers of Unto Infinity, LLC who would be voting on the 2007 Transaction were not "disinterested" for purposes of the 2007 Transaction; and

(c) in failing to advise plaintiffs that Lane Powell had an actual or potential conflict in representing plaintiffs in the State Court Litigation, because such representation would or could also involve defense of Lane Powell's own conduct in connection with the 2007 Transaction.

*See* Answer (Adv. ECF No. 13), Lane Powell Counterclaim at ¶¶ 71–82.

In order to prove the above allegations in connection with the Debtors' Counterclaim as well as the allegations concerning the objections to the Lane Powell Fee Claim, the parties and the Court will be required to address both the nature and scope of the 2007 Transaction and the

OBJECTION TO MOTION TO LIMIT ISSUES FOR OBJECTION TO LANE POWELL CLAIM

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

work that Lane Powell was performing in the Lane Powell Representation to defend the 2007 Transaction.

Specifically, the issue of whether Lane Powell had a conflict of interest in representing the Debtors (as expressed by Debtors' malpractice counsel in conversations with Lane Powell) raises the same factual issues set forth in the Complaint concerning this alleged conflict of interest in connection with Lane Powell's service as Special Counsel for the Debtors.   This alleged conflict is raised repeatedly by the Debtors in objecting to the Lane Powell Fee Claim in Sections VIII and IX of the Complaint, particularly in paragraphs 9.1 through 9.7.  Because these allegations in the Complaint raise the same factual issues and many of the same or similar legal questions which are part of the Debtors' Counterclaim, a logical relationship exists between these two claims, and this Court should determine that the Debtors' Counterclaim is a compulsory counterclaim that must be included in the Complaint under Rule 13(a).

Furthermore, in light of the multiple objections raised in the Complaint concerning the nature and scope of Lane Powell's strategy, approach and nature of its defense of the Debtors in connection with the 2007 Transaction, the Court will be required to fully understand the 2007 Transaction in order to decide the reasonableness of the fees included within the Lane Powell Fee Claim.  As noted above, Debtors spent significant portions of their Complaint reciting the facts surrounding the 2007 Transaction and the nature and scope of the Lane Powell Representation of the Debtors—commencing with the 2007 Transaction and continuing through the defense of the Debtors in connection with the 2007 Transaction, both before and after the filing of the Bankruptcy Case.  For example, the Debtors allege in their Complaint that Lane Powell improperly involved too many attorneys in defending the State Court Litigation (e.g., ¶¶ 10.1, 10.2, & 10.5).  The complexity and nature of the stakes at issue in the State Court Litigation including the theories applied by Judge Roberts in making her rulings, which Lane

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

Powell appealed, are central to a determination of the issues concerning the involvement of the Lane Powell attorneys.

The Debtors' Motion attempts to dismiss the logical relationship of Lane Powell's representation and the malpractice claim by suggesting that the alleged malpractice was purely prepetition, and as a result does not need to be addressed by the Court under Rule 13(a). However, from a legal perspective, the Ninth Circuit draws no such distinction, as in *TLC Hospitals* described above.  Furthermore, factually, the representation did not stop or even shift gears at the Petition Date.  As the Debtors represented to the Court throughout their respective Applications for Employment of Lane Powell PC as Special Counsel (Bankr. ECF Nos. 115 & 163) that Lane Powell was specifically engaged by the Debtors so that it would continue its prepetition services, including in the State Court Litigation, during the bankruptcy cases.  Such continued services were provided by Lane Powell to the Debtors.

Additionally, the Initial Fee Objections and the Complaint, contrary to the terms of the Plan, assert the Debtors' Counterclaim as a basis to deny or reduce payment of Lane Powell's fees and costs.  These assertions squarely put the Debtors' Counterclaim in the middle of the litigation of the Lane Powell Fee Claim.  *See generally In re Iannochino*, 242 F.3d 36, 42–43 (1st Cir. 2001) (*quoting Restatement (Second) of Judgments* § 22(2) (1982)) (discussing the two exceptions to the finality of judgments contained in the Restatement of Judgments, including compulsory counterclaims and counterclaims where the rendering of a second judgment would interfere with the relief granted in a prior proceeding, in the context of determining the *res judicata* effect of a fee award on a malpractice claim); *In re Intelogic Trace, Inc.*, 200 F.3d 382, 388–90 (5th Cir. 2000) (holding that a final fee determination was *res judicata* on malpractice claims asserted against counsel for the Chapter 11 debtor).

Because of the overlap of the factual and legal analysis that will be required by the Court to evaluate and rule on the legal arguments asserted in the Complaint and Answer, the Court

OBJECTION TO MOTION TO LIMIT ISSUES FOR OBJECTION TO
LANE POWELL CLAIM

**LANE POWELL PC**
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
708652.0007/5666882.3

should find there is a logical relationship between the issues raised in the currently filed Complaint and the Debtors' Counterclaim. Based upon the existence of this logical relationship and the identical nature of several of the facts and evidence necessary in determining the Lane Powell Fee Claim and the Debtors' Counterclaim, the Court should find that the Debtors' Counterclaim is a compulsory counterclaim within the meaning of Rule 13(a).

      **E.**    **If Not a Compulsory Counterclaim, the Debtors' Counterclaim Is, at a Minimum, a Permissive Counterclaim.**

Even if the Court determines that the Debtors' Counterclaim for malpractice asserted against Lane Powell is not a compulsory counterclaim under Rule 13(a), the Court may consider such claim as a permissive counterclaim under Fed. R. Civ. P. 13(b) (as incorporated into Fed. R. Bankr. P. 7013) ("Rule 13(b)"). Rule 13(b) states that: "A pleading may state as a counterclaim against an opposing party any claim that is not compulsory." "Rule 13(b) permits as counterclaims, although not compulsory, 'any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim.' Thus the court may dispose of all claims between the parties in one proceeding whether or not they arose in the 'same transaction.'" *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 477 n.1 (1974) (quoting former version of FRCP 13 which was not different in substance than the current version of the rule). For the Court to consider permissive counterclaims in its discretion, it need only determine that the Court has a basis for federal jurisdictional. *Metalmark Nw., L.L.C. v. Stewart*, 04-682-KI, 2006 WL 1277793 (D. Or. May 4, 2006) (*citing Iglesias v. Mutual Life Insurance Company of New York,* 156 F.3d 237, 241 (1st Cir. 1998), *cert. denied*, 528 U.S. 812 (1999).

Here the jurisdictional basis for the federal district court's related to jurisdiction over the Debtors' Counterclaim is clear under the provisions of 28 U.S.C. § 1334, particularly in light of the provisions of the Debtors' Plan making recoveries of malpractice claims against professionals payable to the Debtors' creditors. In light of the significant overlap of evidence

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
708652.0007/5666882.3

and factual issues, judicial economy favors the Court's consideration of both the Lane Powell Fee Claim and the Debtors' Counterclaim in the same proceeding.

**F.    Other Issues Relevant to the Status Conference to be Held on the Motion.**

1.    Reservations of the Parties' Rights to File a Motion to Withdraw the Reference.

Neither the Debtors nor Lane Powell have filed a Motion to Withdraw the Reference (a "Withdrawal Motion").  In the Complaint, the Debtors set forth their intent to file such a Motion should the Court determine that it intends to hear the Debtors' Counterclaim as a compulsory or permissive counterclaim.  Additionally, both the Complaint and the Answer assert rights to jury trial.  In light of the uncertainty of the Court's current position on the scope and procedure for resolving the Lane Powell Fee Claim, the Debtors' Counterclaim, and the Lane Powell Counterclaim, such a motion may be premature.  Lane Powell would ask, however, that the Court set a deadline for filing any Withdrawal Motion as part of the Status Conference.

2.    Scheduling Issues Are Not Relevant to the Substantive Issues Raised in the Motion.

Finally, Debtors raise certain additional, scheduling-related considerations in their Motion, suggesting that such considerations weigh in favor of the Court not hearing any malpractice claim.  However, such issues are not relevant to the analysis concerning the Debtors' Counterclaim and should be ignored by the Court in connection with deciding the Motion.  For example, whether the case schedule would easily accommodate an adjudication of the malpractice claim is an issue that can be addressed separately by scheduling conferences, case management orders, and other relief.  Debtors filed one such document on May 7, 2012.  (Adv. ECF No. 16.)

**III.  CONCLUSION**

The Court should deny the relief requested in the Motion based upon the filing of the Lane Powell Counterclaim and the Debtors' failure to include in the Complaint any specific

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200
708652.0007/5666882.3

allegations concerning the nature and scope of the alleged malpractice.  In the event the Court proceeds to rule based on the available information, Lane Powell respectfully requests that this Court determine that the Debtors' Counterclaim is a compulsory counterclaim within the meaning of Rule 13(a).

DATED:  May 15, 2013

McKITTRICK LEONARD LLP


By /s/Justin D. Leonard
    Peter C. McKittrick, OSB No. 852816
    Justin D. Leonard, OSB No. 033736

LANE POWELL PC


By /s/Mary Jo Heston
    Kenneth R. Davis, II, OSB No. 971132
    Mary Jo Heston, OSB No. 030438
    Peter D. Hawkes, OSB No. 071986
    Skyler M. Tanner, OSB No. 101589

KENNEDY, WATTS, ARELLANO & RICKS LLP


By /s/Joseph C. Arellano
    Joseph C. Arellano, OSB No. 801518
    Susan E. Watts, OSB No. 773845

Attorneys for Defendant Lane Powell PC

OBJECTION TO MOTION TO LIMIT ISSUES FOR OBJECTION TO LANE POWELL CLAIM

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 15, 2013, I caused the attached document to be filed electronically through the CM/ECF system which caused Registered Participants to be served by electronic means, as fully reflected on the Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of Oregon and the United States that the foregoing is true and correct.

Executed on this 15th day of May, 2013.

*/s/ Mary Jo Heston*
Mary Jo Heston

OBJECTION TO MOTION TO LIMIT ISSUES FOR OBJECTION TO LANE POWELL CLAIM

708652.0007/5666882.3

**LANE POWELL** PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
503.778.2100 FAX: 503.778.2200