CLERK, U.S. BANKRUPTCY COURT
DISTRICT OF OREGON

MAY 1 7 2013

LODGED_____REC'D_____
PAID_____DOCKETED_____

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| IN RE<br><br>KARTAR SINGH KHALSA,<br><br>                   Debtor.<br><br>KARTAR SINGH KHALSA;<br>EWTC MANAGEMENT, LLC,<br><br>                   Plaintiffs,<br>vs.<br><br>LANE POWELL, PC,<br><br>                   Defendant. | Bankruptcy Case<br>No. 12-60538-fra11<br><br>Adversary Proceeding<br>No. 13-6040-fra<br><br>ORDER STRIKING PLEADINGS;<br>ORDER ON MOTION TO LIMIT<br>ISSUES |

At the conclusion of a pretrial conference held in this matter on May 16, 2013, the Court announced its findings and conclusions respecting the nature of the above-captioned matter. Specifically, the Court finds that the matter is limited to the claim for payment of legal fees by Lane Powell, PC [Claims No. 18 and 24] and the Reorganized Debtor's objection thereto, and that the matter is a contested case governed by Fed.R.Civ.P. 9014. Accordingly, it is now

**ORDERED** as follows:

1. Material not related to the claim, and the objection thereto, is stricken. This includes the following:

    A. The Complaint on Objection [Doc. #1]:

Page 1 - ORDER ON STRIKING PLEADINGS; ORDER ON MOTION TO LIMIT ISSUES

       1. The second sentence of Par. 2.4

       2. Part III (Preclusion and Exclusion)

       3. Part IV (Exclusion)

       4. Part V (Jury Demand)

B. The Answer and Affirmative Defenses and Counterclaim [#13]

       1. Counterclaim for Declaratory Judgment on Malpractice Claim

2. The Reorganized Debtor is granted leave to replead within 21 days of the date of this order. The amended pleading should be entitled "Statement of Objections to Claims 18 and 24 of Lane Powell, PC."

3. Lane Powell, PC, shall file its response to the Statement of Objections, denominated as such, within 21 days of the filing of the Statement of Objections.

4. All documents filed hereafter shall bear the same heading and case number as previous filings. Continued denomination of the matter on the Court's docket as an adversary proceeding shall be for administrative convenience only.

5. Any action to enforce any malpractice claim by the Reorganized Debtor against Lane Powell may be brought as a separate adversary proceeding in this Court, or brought by complaint in any other court of competent jurisdiction. Provided, however, that this provision is not intended to limit the Reorganized Debtor's right to assert such claims as a setoff against Lane Powell's claim for compensation set out in Claims 18 and 24.

6. If an action on the malpractice claim is commenced in any court other than this Court, counsel for the Reorganized Debtor shall notify this Court of the pendency of the proceeding, and provide a copy of the complaint.

                                          FRANK R. ALLEY, III
                                          Chief Bankruptcy Judge

Page 2 - ORDER ON STRIKING PLEADINGS; ORDER ON MOTION TO LIMIT ISSUES