Dillon E. Jackson, WSBA #1539
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
(206) 447-8962
(206) 749-1959
jackd@foster.com
Pro Hac Vice

Irving Potter
Josselson & Potter
9400 SW Bvtn-Hisdl Hwy
Beaverton, OR 97005
(503) 228-1455
Fax (503) 228-0171
irving@jprlaw.com

Attorneys for Debtor in Possession
Kartar Singh Khalsa

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>KARTAR SINGH KHALSA and<br>EWTC MANAGEMENT, LLC,<br>f/k/a Golden Temple Management, LLC,<br><br>          Debtors. | Case No. 12-60538-fra11 and<br>     12-60536-fra11<br><br>(Jointly Administered) |
| KARTAR SINGH KHALSA and<br>EWTC MANAGEMENT, LLC,<br>f/k/a Golden Temple Management, LLC,<br><br>          Plaintiffs,<br><br>  v.<br><br>LANE POWELL PC,<br><br>          Defendant. | **Adv. Proc No. 13-06040-fra**<br><br>**PLAINTIFFS' MOTION FOR A<br>PROTECTIVE ORDER TO LIMIT<br>SCOPE OF PLAINTIFF<br>DEPOSITIONS**<br><br>**ORAL ARGUMENT REQUESTED AT<br>THE COURT'S DISCRETION** |

**PLAINTIFFS' MOTION FOR A PROTECTIVE
ORDER TO LIMIT SCOPE OF PLAINTIFF
DEPOSITIONS - 1**

I.  **INTRODUCTION AND RELIEF REQUESTED**

EWTC Management, LLC ("EWTC" or "Plaintiff") respectfully asks the Court to issue a protective order excluding certain improper subjects from Defendant Lane Powell PC's ("Lane Powell" or "Defendant") Rule 30(b)(6) deposition notice (the "Notice") and depositions of the Kartar Singh Khalsa and Karam Singh Khalsa. Specifically, the first topic in the 30(b)(6) Notice seeks testimony regarding issues this Court has already ruled are beyond the scope of this simple claim dispute.

The Notice attempts to circumvent the Court's Order excising the issue of any malpractice claim and limiting this proceeding to the dispute regarding the fees Lane Powell aggregated between February 18, 2012 and January 28, 2013. The Court previously established that topics touching on Plaintiffs' potential malpractice claims must be raised in separate litigation. Despite that ruling, the Notice implies Lane Powell will inquire into potential malpractice issues during discovery. Accordingly, EWTC, Kartar, and Karam are entitled to a protective order shielding the individuals and the LLC designee from questions about the excluded issue of professional negligence.

II.  **RELEVANT FACTS**

A.  **This Litigation Arises Solely From Lane Powell's Claim For Excessive Fees.**

EWTC and its member Kartar Singh Khalsa, (collectively, "Plaintiffs,") filed chapter 11 cases on February 18, 2012. The parties confirmed a joint plan of reorganization on December 14, 2012. On January 29, 2013, Lane Powell filed an application for $298,450.96 in fees for services as "special counsel to debtors." [Docket No. 374].

Considering the claim excessive and pursuant to a Summary of Proceedings & Minute Order of this Court on March 13, 2013 [Docket No. 416], Plaintiffs filed an objection to the Lane Powell claim on numerous grounds. The objection included a reference to a claim for professional negligence held by Plaintiffs, and it stated that they would seek a ruling by this

Court that such a counterclaim would not be adjudicated in this proceeding. The Complaint also states that adjudication of the malpractice counterclaim will raise issues relating to a jury trial.

>   B. **Although The Court Eliminated The Malpractice Claim From This Proceeding, Defendant's Notice Targets Information On This Excluded Subject.**

Plaintiffs never intended to address or resolve the malpractice issue in this claim dispute. Because this is not the appropriate proceeding, nor is the case schedule structured to accommodate it, Plaintiffs moved to limit the scope and exclude the malpractice issue. In its Order Striking Pleadings & Order On Motion To Limit Issues, [Docket No. 22], the Court agreed that any action on the malpractice claims should be brought separately. Subsequently, pursuant to the May 17th ruling, the objecting parties filed their Statement of Objections to Claim 24 of Lane Powell PC. This Statement replaces and supersedes prior objections. The Statement does not raise the issue of a malpractice offset.

Despite that ruling, Lane Powell served EWTC with its Notice, including topics that would touch on "[t]he basis and nature of any allegations made against Lane Powell" referenced in the original Complaint, or filings supporting Plaintiffs' objection to its claim. [Ex. A to Dec'l of Dillon Jackson ("Jackson Dec'l")]. The individual depositions, and indeed other discovery submitted in this matter, indicate that Lane Powell is misusing this contested matter to obtain discovery on the claim that may be filed against it. Although the Court separated the malpractice issues from this dispute, Lane Powell insists on revisiting the subject in its depositions

>   C. **Counsels' Efforts To Resolve This Issue Through Conference Were Unsuccessful.**

On June 19, 2013, Plaintiffs' counsel corresponded by email exchange with Defendant's counsel Peter Hawkes requesting an informal resolution to the issues raised by this motion. [Ex. B to Jackson Dec'l]. Despite several exchanges of email, counsel was unable to resolve the issues raised by this motion. [*Id.*]

### III.   QUESTIONS PRESENTED

PLAINTIFFS' MOTION FOR A PROTECTIVE
ORDER TO LIMIT SCOPE OF PLAINTIFF
DEPOSITIONS - 3

51304670.1

1. Should Defendant be able to circumvent the Order limiting the proceeding to exclude professional negligence issues by inquiring into this topic in its deposition of EWTC's Fed. R. Civ. P. 30(b)(6) representative and the individual deponents? (No.)

2. Are EWTC and the individual deponents entitled to a protective order limiting the first topic of inquiry in the Notice and shielding all deponents from questions regarding excluded issues of professional negligence? (Yes.)

## IV.  EVIDENCE RELIED UPON

Plaintiff EWTC relies upon the Declaration of Dillon Jackson, including supporting exhibits, and all pleadings and records on file with the Court in this adversary proceeding and in the jointly administered reorganization proceeding.

## V.  ARGUMENT

### A.  The Court Has Broad Authority To Fashion A Protective Order

The Federal Rules of Civil Procedure give this Court the discretion to limit the scope of Defendant's Notice. *See* Fed. R. Bankr. P. 9014 (applying Fed. R. Bankr. P. 7026 to contested matters); *see also* Fed. R. Bankr. P. 7026 (stating that Fed. R. Civ. P. 26 on discovery applies to adversary proceedings). The scope of discovery, including depositions is limited to "any nonprivileged matter that is *relevant* to any party's claim or defense..." Fed. R. Civ. P. 26(b)(1) (emphasis added). The Rules also provide that the Court may "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The Court has broad discretion "to decide when a protective order is appropriate and what degree of protection is required." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir.2002) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)) (quotations omitted). The Court has clear authority to manage the discovery process where a party purports to inquire into subjects previously defined as irrelevant by an order in this case.

### B.  Defendant Seeks To Avoid The Court's Prior Exclusion Of The Malpractice Question.

PLAINTIFFS' MOTION FOR A PROTECTIVE
ORDER TO LIMIT SCOPE OF PLAINTIFF
DEPOSITIONS - 4

51304670.1

Defendant's Notice is unduly burdensome, because it touches on irrelevant issues this Court has already excluded from the purview of this litigation. *See McBride v. Medicalodges, Inc.*, 250 F.R.D. 581, 584 (D. Kan. 2008) ("To allow Rule 30(b)(6) to effectively function, the requesting party must take care to designate, with painstaking specificity, the particular subject areas that are intended to be questioned, ***and that are relevant to the issues in dispute***.") (emphasis added) (quoting *E.E.O.C. v. Thorman & Wright Corp.*, 243 F.R.D. 421, 426 (D.Kan.2007). Further, there is no reasonable explanation for the necessity of its inquiry into the professional negligence claims. *See Teller v. Dogge*, No. 2:12-cv-00591, 2013 WL 1501445 at *1 (D. Nev. Apr. 10, 2013) ("'when a request for discovery is overly broad on its face or when relevancy is not readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.'") (quoting *Marook v. State Farm Mut. Auto. Ins. Co.*, 259 F.R.D. 388, 394-95 (N. D. Iowa 2009). Absent some demonstration that the malpractice issue is remotely relevant to a garden variety fee claim, this line of questioning will only plumb the depths of a topic this Court excluded. Defendant seeks information on a potential claim Plaintiff has yet to bring, and if it does, will file in a separate action. If and when that occurs, Lane Powell is free to conduct discovery into the basis of the malpractice allegations, but not before.

### C. A Protective Order Will Shield Plaintiff From The Burden Of An Irrelevant Inquiry.

In light of Defendant's intent to delve into issues excluded from this action, a protective order narrowing the scope of the deposition is necessary. "The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Seattle Times Co.*, 467 U.S. at 36. The Court can use its broad authority to limit the deposition subjects to issues arising only between February 18, 2012 and December 14, 2012 – the sole period relevant to Defendant's fee claim. Preventing Lane Powell from going beyond the parameters of this litigation will not impede the discovery process and will protect Plaintiffs from the burden and expense of addressing issues that are only properly considered in another action.

## VI. CONCLUSION

Given Defendant's intent to question Plaintiff's 30(b)(6) witness and the individual deponents on subjects defined by the Court as outside this litigation, Plaintiff respectfully requests that the Court grant this Motion for Protective Order by limiting the deposition inquiry to issues arising only during the period between February 18, 2012 and December 14, 2012 for which Lane Powell asserts its fee claim and excluding inquiry in to any claim of professional negligence against Lane Powell.

DATED this 20th day of June, 2013

FOSTER PEPPER PLLC

/s/ Dillon E. Jackson
Dillon E. Jackson, WSBA #1539
Pro Hac Vice
Attorneys for Debtor
Kartar Singh Khalsa

JOSSELSON & POTTER

/s/ Irving Potter
Irving Potter OSB # 742609

Attorneys for Kartar Singh Khalsa

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>KARTAR SINGH KHALSA and<br>EWTC MANAGEMENT, LLC,<br>f/k/a Golden Temple Management, LLC,<br><br>                                        Debtors. | Case No. 12-60538-fra11 and<br>             12-60536-fra11<br><br>(Jointly Administered) |
| KARTAR SINGH KHALSA and<br>EWTC MANAGEMENT, LLC,<br>f/k/a Golden Temple Management, LLC,<br><br>                                        Plaintiffs,<br><br>         v.<br><br>LANE POWELL PC,<br><br>                                        Defendant. | **Adv. Proc No. 13-06040-fra**<br><br>**ORDER GRANTING PLAINTIFFS'<br>MOTION FOR A PROTECTIVE<br>ORDER TO LIMIT SCOPE OF<br>PLAINTIFF  DEPOSITIONS** |

THIS MATTER came before the Court on Plaintiff's Motion For A Protective Order To Limit Scope Of Plaintiff Depositions.  The Court has considered the pleadings, supporting documents, and is otherwise fully advised.

ORDER GRANTING PLAINTIFFS' MOTION FOR A
PROTECTIVE ORDER TO LIMIT SCOPE OF
PLAINTIFF DEPOSITIONS - 1

51304671.1

Based on the foregoing, and the Court's finding that limiting the scope of Defendant's discovery will not hinder the discovery process in this proceeding, the Court hereby GRANTS the motion and orders as follows:

Topic 1 in Defendant's 30(b)(6) Notice of Deposition to Plaintiff EWTC Management, LLC and other depositions now scheduled in this matter shall be limited in scope to only those issues related to the objection to the claim for alleged services rendered between February 18, 2012 and December 14, 2012. Issues concerning any potential malpractice claim that the objecting parties may have shall be outside the scope of discovery.

# # #

PRESENTED BY
FOSTER PEPPER PLLC


*/s/ Dillon E. Jackson*
Dillon E. Jackson, WSBA #1539
Pro Hac Vice
Attorneys for Debtor
Kartar Singh Khalsa


JOSSELSON & POTTER

*/s/ Irving Potter*
Irving Potter OSB # 742609

Attorneys for Kartar Singh Khalsa

ORDER GRANTING PLAINTIFFS' MOTION FOR A
PROTECTIVE ORDER TO LIMIT SCOPE OF
PLAINTIFF DEPOSITIONS - 2

51304671.1