Dillon E. Jackson, WSBA #1539
Foster Pepper PLLC
1111 Third Avenue, Suite 3400
Seattle, WA 98101-3299
(206) 447-8962
(206) 749-1959
jackd@foster.com
Pro Hac Vice

Irving Potter
Josselson & Potter
9400 SW Bvtn-Hisdl Hwy
Beaverton, OR 97005
(503) 228-1455
Fax (503) 228-0171
irving@jprlaw.com

Attorneys for Debtor in Possession
Kartar Singh Khalsa

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>KARTAR SINGH KHALSA and<br>EWTC MANAGEMENT, LLC,<br>f/k/a Golden Temple Management, LLC,<br><br>Debtors. | Case No. 12-60538-fra11 and<br>12-60536-fra11<br><br>(Jointly Administered) |
| KARTAR SINGH KHALSA and<br>EWTC MANAGEMENT, LLC,<br>f/k/a Golden Temple Management, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LANE POWELL PC,<br><br>Defendant. | **Adv. Proc No. 13-06040-fra**<br><br>**AMENDED STATEMENT OF OBJECTIONS TO CLAIM 24 OF LANE POWELL PC** |

    Kartar Singh Khalsa ("Kartar") and EWTC Management, LLC, f/k/a Golden Temple

Management, LLC, ("EWTC") (collectively, the "Debtors") file this amended objection to Claim

24 of Lane Powell PC as follows:

AMENDED CLAIM OBJECTION - 1

# I. PARTIES.

### 1.1 Kartar Singh Khalsa.

Kartar Singh Khalsa ("Kartar")  was an individual debtor in Case No. 12-60538-fra11, and resides in Portland, Oregon.  Kartar is a member of EWTC Management LLC.  Kartar and EWTC confirmed a Joint Plan of Reorganization on December 14, 2012.

### 1.2 EWTC Management, LLC.

EWTC Management LLC, f/k/a/ Golden Temple Management, LLC, ("EWTC") was a debtor in Case No. 12-60536-fra11.  EWTC was 90% owner of the East West Tea Company, LLC, formally known as Golden Temple of Oregon, and its operations were located in Springfield, Oregon, with offices in Portland, Oregon.

### 1.3 Lane Powell PC.

Lane Powell PC ("Lane Powell") is an Oregon professional services corporation with offices in Oregon, Washington, Alaska and London, England.

# II. PROCEDURE.

### 2.1 Claim.

On January 29, 2013, Lane Powell filed Claim 24 (the "Claim") against both Debtors for $286,554.00 in fees and $1896.96 in costs for a total of $298,450.96.  The Claim includes a statement that $10,000 of the fees claimed was estimated.  The Claim filed is identical for both Debtors and does not apportion the services between the Debtors.

### 2.2 Order for Complaint.

The Debtors objected to the Claim.   The Court held a scheduling conference, and subsequently entered a scheduling order on March 13, 2013.  The scheduling order provides that the objection be cast in the form of a complaint.  At a later scheduling conference on May 17, 2013, the Court ruled that the matter would go forward as a claim objection under the 9000 series of the Bankruptcy Rules, but would retain this adversary proceeding number.

AMENDED CLAIM OBJECTION - 2

**2.3 Amendment of Claim.**

Following receipt of Debtors' initial objection to the Claim, which objection called out Lane Powell's failure to adhere to their hourly rates previously disclosed to the Court, Lane Powell filed an amendment reducing the Claim.

**2.4 Filing of Cases.**

On February 18, 2012, EWTC, then known as Golden Temple Management, LLC, filed its petition under chapter 11.  On the same date, Kartar filed his chapter 11 case.

**2.5 Debtors Hire Separate Counsel.**

EWTC sought permission to hire Winston & Cashatt, of Spokane, Washington and Albert & Tweet, of Salem, Oregon, by applications filed February 21, 2012.  An order approving their employment was entered March 6, 2012.

Kartar sought permission to hire Foster Pepper PLLC of Seattle, Washington, and Josselson & Potter of Portland, Oregon, by applications filed on February 21, 2012.  An order approving their employment was entered February 24, 2012.

**2.6 Lane Powell Applications for Employment.**

On June 6, 2012, EWTC sought permission to employ Lane Powell as special counsel. On June 15, 2012, an order was entered approving the employment of Lane Powell.

On June 27, 2012 Kartar filed an application to employ Lane Powell as special counsel. An order authorizing the employment of Lane Powell ultimately was entered on February 26, 2013.

**2.7 Notice List.**

Lane Powell attorneys filed a request for special notice in both cases on February 22, and 23, 2012 and thereafter received notice of all proceedings in these cases.

**2.8 Plan and Disclosure Statement.**

On November 13, 2012, the Debtors filed their Amended Joint Plan of Reorganization (the "Plans") and Disclosure Statement in each of their cases. The Court entered an Order approving the Disclosure Statements on that date.

AMENDED CLAIM OBJECTION - 3

**2.9 Report of Administrative Expenses.**

On December 7, 2012, Kartar and EWTC filed LBF #1182 as required by Local Bankruptcy Rule 3020-1(a), setting forth the administrative expenses for the cases including professional fees.  The reports list professional fees incurred with Foster Pepper, Josselson & Potter, Winston Cashatt, Albert & Tweet and Ford Elsaesser.  The reports do not mention Lane Powell.  Lane Powell did not file an objection or communicate any objection to these reports to Kartar, EWTC, or their lawyers.

**2.10 Confirmation.**

On December 14, 2012, the Court entered its Orders Confirming the First Amended Joint Plan filed by the Debtors in each of the cases.

**2.11 No Substantive Consolidation.**

The Plans specifically provide that there is no substantive consolidation of the two cases and provide that each debtor pay its own allowed claims, including those of its separate counsel.

**2.12 Joint Administration.**

On December 14, 2012, the Court entered an Order for Joint Administration of the EWTC and Kartar cases.

**2.13 No Objection.**

Lane Powell filed no objection or comment on the Disclosure Statement content or the Plans and Lane Powell provided no information on its administrative claim to the Kartar before or after the reports on administrative expenses and or on before confirmation of the  Join Plan. Lane Powell did not object to confirmation. The effective date of the Plans was December 28, 2012.

**2.14 No Billing to Kartar.**

All Lane Powell billing records indicate that bills reflecting the time accrued and now claimed as an administrative expense in these cases were directed solely to EWTC.

AMENDED CLAIM OBJECTION - 4

**2.15 Failure to Differentiate Between the Debtors.**

In its Claim, Lane Powell conflates EWTC and Kartar as if they were a single entity.  No bills relating to this Claim were sent to Kartar.  The time records submitted in this matter are addressed to and directed solely to EWTC.

**2.16 Retention Agreements.**

There are no retention letters or other agreements that provide that Kartar, the Tea Company, EWTC or some combination thereof are jointly and severally liable for Lane Powell fees.

**2.17 No Statements Sent to Kartar on Alleged Administrative Work.**

Kartar was not sent statements, bills or information on the very significant accumulating bills being incurred by Lane Powell from the filing of these cases until the Claim was filed on January 29, 2013.  As a result, Kartar was not able to supervise, budget or direct the efforts of Lane Powell.

**2.18 Failure to Keep Client Informed of Case and Billings is Improper.**

It is the responsibility of counsel keep its client informed of material events occurring during the representation so as to allow the client to make informed decisions on the representation.  Lane Powell failed to regularly and timely inform the Debtors of the amounts of their charges.

**2.19 No Notification to Counsel.**

Before January 29, 2013, Lane Powell did not inform the Kartar or the law firms representing Kartar that it would be seeking an administrative professional fee claim of over $250,000 (as amended).

**2.20 Hourly Rates in Claim Exceeded Amounts in Employment Application.**

The initial Lane Powell Claim submitted for payment and time records accompanying the Claim are for each professional was calculated on hourly rates in excess of the rates stated in their June 2012 Employment Application.  Further, other professionals at much higher hourly rates than the highest rates identified in the June Employment Application billed time in the

AMENDED CLAIM OBJECTION - 5

Claim.   The highest rate quoted to the Court in the Application was $463.50/hr.  The fees sought in the Claim include time for Lewis Horowitz at $600/hr and Neil Kimmelfield at $575/hr.  After the Debtors filed the initial objection, these excessive rate charges have been addressed and resolved, resulting in the reduction of the Claim by amendment filed on May 24, 2013.

### 4.20 Failure to Meet the Requirements for Compensation under 11 U.S.C. §330.

This Court has authority to grant "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person."  The Court shall not approve payment for **(i)** unnecessary duplication of services; or **(ii)** services that were not—(1) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case.  The fee application in dispute here fails to meet the statutory criteria because of the facts set forth herein, including without limitation that the charges were excessive, certain charges were unnecessary or wasteful, were not timely disclosed and involved services that were not beneficial to the estate.

### 4.21 Charges for Defense of a Faulty Fee Application Should Be Disallowed.

Lane Powell has already been obliged to amend its Claim as a result of the objection by the Debtors.  Their amended Claim seeks additional fees for this dispute.  The charges for preparation of the fee applications in this case include charges for applications not filed, and the charges for the final application filed were excessive.  A reasonable charge may be allowed under §330, but payment for fees in defense of the application are not payable where the objection is well taken, results in a reduction or is prosecuted in good faith.  The demand for compensation for defense of the fee application in this case should be disallowed.

### III. TIME ENTRIES.

### 3.1 Double and Triple Teaming.

It appears that on many occasions multiple members of Lane Powell were present at court hearings which should have been handled by a single attorney.  For example, but not the only

AMENDED CLAIM OBJECTION - 6

incident, was the time billed on April 27, 2012 by Lewis Horowitz ( $1,080.00) and Ken Davis ($3000) to attend the same hearing with Peter Hawks assisting with preparation  ($1,984.50).

### 3.2 Multiplicity of Lawyers Generally.

Lane Powell had ten lawyers and four paralegals billing in this case.  The shear number of professionals on the case resulted in numerous communications simply to coordinate what appears to have been an unnecessary, unwieldy, and duplicative performance.  The six-lawyer internal meeting on June 18, 2012, at an apparent cost of $4400 is an example.

### 3.3 Bankruptcy Work.

Despite the fact that the Debtors each had principal and local bankruptcy counsel, substantial time was expended on bankruptcy-related matters.  This effort was duplicative and unnecessary, but reflects the lack of restraint that characterizes the time in the Claim.  Lane Powell filed no pleadings, joinders or briefs, in either of the two bankruptcy cases except those related to its Claim.  The employment application states that Lane Powell is to provide services for the appeal, mediation and work on defense of matters in non bankruptcy litigation against the debtors to the extent requested by bankruptcy counsel for the debtors.  The fee application and order thereon does not contemplate or authorize performance of bankruptcy work.  The total amount in the Claim for bankruptcy work which was not within the scope of the employment application, exceeds $21,000.

### 3.4 Bankruptcy Monitoring.

Excessive time by Lane Powell counsel was expended in monitoring, analyzing and reporting to the many other professionals in the firm about the events in the bankruptcy cases. The time provided no value to the Debtors or their estate.

### 3.5 Tax Work.

The total amount of fees devoted to tax work stated by Lane Powell in the Claim is misleading.  Tax research and many internal conferences on tax appear in multiple separate matters in the Claim.  While Lane Powell represents in the Claims the total was $25,940.00, the actual amount of fees attributable to tax work is more akin to $40,000.  Either amount is

AMENDED CLAIM OBJECTION - 7

excessive and duplicative.  Certain tax and related services were solely for the benefit of EWTC officers and members other than Kartar.

### 3.6 Appeal.

The amount of fees attributed to appeal work in the Claim, which totals $102,000, (as amended) is excessive.  The appeal effort duplicated other parties, and the appeal effort failed completely.  The First Amendment issues Lane Powell asserted in the appeal related to rights of other parties who were appealing, not these Debtors.  The appeal effort  had a very low chance of success and would not have been authorized had the Debtors been aware of the projected costs. In any event, the services allegedly provided in connection with the appeal far exceeded any reasonable cost for such service and, as stated, was a complete failure.  Review of the time records reveals significant duplication of effort and inefficiencies in brief writing and endless revisions, duplicative research and review by multiple counsel.

### 3.7 Hiring and Fees.

The $28,000 for employment and fee application work (as amended) is excessive. Further, the time records reflect substantial time dealing with waiver of conflicts of interest, which provided no benefit to the estates.  In addition, there was substantial time spent preparing for interim fee applications which were never submitted.  Such efforts provided no benefit to the estates.

### 3.8 Employment Application.

The Claim combines time on the employment and fee applications.  Time expended on its on employment applications alone was approximately $14,500 (as amended).

### 3.9 Withheld Fee Applications.

Time records submitted in the Claim indicate that Lane Powell commenced preparation of interim fee applications on June 27, 2012.  Time records submitted with the Claim (as amended) for efforts to prepare, discuss and submit interim fee applications consumed over $13,000 claimed in employment and payment efforts (as amended).   Had employment applications been timely and the interim fee applications been submitted, Kartar and his counsel

AMENDED CLAIM OBJECTION - 8

would have been aware of the accumulating fees and could have exercised an informed supervision over the legal efforts of Lane Powell.

**3.10 Claim Should be Disallowed.**

The Claim should be disallowed as a claim or as an administrative claim against either of the Debtors due to waiver, laches and inequitable conduct during the cases.  Specifically as to Kartar, Lane Powell failed to communicate the work allegedly performed.  As to both Debtors, Lane Powell failed to communicate the amount of their substantial admin claim to the Debtors or their counsel at the critical stages of the case, including:  the time that accumulated from the filing date to the date the first billings were communicated to EWTC; the time of the Plans and Disclosure Statements were submitted;  at confirmation of the Plans; and at the time the Debtors filed the administrative expenses reports.

**3.11 Claim Should Be Reduced.**

In the alternative, Lane Powell's Claim should be substantially reduced subject to further proof and review to occur at trial.

**3.12 Loss of Priority Rights.**

The Court should rule that by its failure to assert a claim in the cases prior to the confirmation hearing, Lane Powell waived its right to treatment as an administrative claim under the Plans.  Specifically, the Court should rule that  failure to pay any allowed amount promptly upon allowance shall not constitute a default under the plan.  Any allowed Lane Powell claim may be paid 100% of the allowed amount as provided in the Plan for unsecured creditors.

**3.13 Disallowance of Further Fees.**

The Court should disallow any further fees incurred in the filing of Lane Powell claims or pursuit of this action and any claims not specifically disclosed in the time records submitted.

**3.14 Amendment Reserved.**

Debtors reserve the right to amend this objection in accordance with the rulings of this court and the facts determined on discovery in this case.

AMENDED CLAIM OBJECTION - 9

**3.15 Additional Relief.**

The Court should award such additional relief as it deems appropriate and in the interests

of justice.

DATED this 8th day of July, 2013.


FOSTER PEPPER PLLC


*/s/ Dillon E. Jackson*
Dillon E. Jackson, WSBA #1539
Pro Hac Vice
Attorneys for Debtor Kartar Singh Khalsa


JOSSELSON & POTTER


*/s/ Irving Potter*
Irving Potter OSB # 742609

Attorneys for Debtor Kartar Singh Khalsa

AMENDED CLAIM OBJECTION - 10