Peter C. McKittrick, OSB No. 852816
pmckittrick@ml-llp.com
Justin D. Leonard, OSB No. 033736
jleonard@ml-llp.com
**McKITTRICK LEONARD LLP**
111 SW Columbia, Suite 1100
Portland, Oregon  97201
Telephone:  971.634.0190
Facsimile:  971.634.0250

Kenneth R. Davis, II, OSB No. 971132
davisk@lanepowell.com
Mary Jo Heston, OSB No. 030438
hestonm@lanepowell.com
Peter D. Hawkes, OSB No. 071986
hawkesp@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon  97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Joseph C. Arellano, OSB No. 801518
arellano@kwar.com
Susan E. Watts, OSB No. 773845
watts@kwar.com
**KENNEDY, WATTS, ARELLANO & RICKS LLP**
1211 SW Fifth Avenue, Suite 2850
Portland, Oregon  97204-3733
Telephone:  503-228-6191
Facsimile:  503-228-0009

Attorneys for Lane Powell PC

## UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | ) |
| | ) |
| KARTAR SINGH KHALSA and | ) Case Nos. 12-60538-fra11 (Lead Case) and |
| EWTC MANAGEMENT, LLC, | )               12-60536-fra11 |
| f/k/a Golden Temple Management, LLC, | ) |
| | ) (JOINTLY ADMINISTERED) |
| Debtors. | ) |
| | ) |
| KARTAR SINGH KHALSA and | ) Adv. No. 13-6040-fra |
| EWTC MANAGEMENT, LLC, | ) |
| f/k/a Golden Temple Management, LLC, | ) |
| | ) |
| Plaintiffs, | ) LANE POWELL PC'S RESPONSE TO |
| | ) DEBTORS' AMENDED STATEMENT |
| v. | ) OF OBJECTIONS TO CLAIM NO. 24 |
| | ) OF LANE POWELL PC |
| LANE POWELL PC, | ) |
| | ) |
| Defendant. | ) |

PAGE 1 OF 18 -   LANE POWELL PC'S RESPONSE TO DEBTORS' AMENDED
STATEMENT OF OBJECTIONS TO CLAIM NO. 24 OF LANE POWELL
004418.1102/5770937.2

Lane Powell PC ("Lane Powell") responds to the Amended Statement of Objections ("Amended Statement") brought by Debtors EWTC Management, LLC f/k/a Golden Temple Management, LLC ("EWTCM") and Kartar Singh Khalsa ("Kartar") (collectively "Debtors") as set forth below. Except as expressly admitted herein, all allegations of the Amended Statement, including the argumentative headings to Debtors' paragraphs, are denied. Lane Powell objects to the filing of this Amended Statement as improper and prejudicial to Lane Powell because Debtors did not seek leave of Court to amend the Statement, Debtors have set forth no facts supporting the basis and necessity for the amendment, and such amendment was done following the depositions of EWTCM (under 30(b)(6)), Kartar, and Keith Simon (fka Karam Singh Khalsa), the former chief financial officer of EWTCM. At a minimum Lane Powell reserves its right to reopen the above referenced depositions based on the Amended Statement and asks the Court to require that future amendments, if any, be filed only with leave of Court. To the extent that the Court intends to consider the Amended Statement, Lane Powell answers as follows:

1.       In answer to the allegations contained in Paragraph 1.1 of the Amended Statement, Lane Powell admits the allegations.

2.       In answer to Paragraph 1.2 of the Amended Statement, Lane Powell admits that EWTCM was at one time located in Springfield, Oregon, and at one time owned 90% of East West Tea Company, LLC ("EWTC"), but because Lane Powell is currently without sufficient information or knowledge to form a belief as to the current ownership, operations or location of EWTCM, it, therefore, denies the remaining allegations in Paragraph 1.2.

3.       In answer to the allegations contained in Paragraph 1.3 of the Amended Statement, Lane Powell admits the allegations.

4.       In answer to the allegations of Paragraph 2.1 of the Amended Statement, Lane Powell admits that it filed duplicate claims for compensation in the amount of $286,554.00 in fees and $1,896.96 in costs for a total of $298,450.96 in both of the Debtors' Bankruptcy Cases.

By way of further answer to Paragraph 2.1 of the Amended Statement, Lane Powell admits that the amount of fees asserted included an estimate of additional fees of $10,000.00, but estimates that the fees incurred will exceed such amounts and reserves the right to seek additional fees as well as the fee enhancement which was set forth in the Lane Powell applications for employment as approved in the orders employing Lane Powell entered in the Bankruptcy Cases.[1] Lane Powell admits that the filed claims were not apportioned, because apportionment is neither practical nor appropriate. By way of further answer to Paragraph 2.1, the historical practice throughout the litigation referenced in paragraph 8.2 of Plaintiffs' Complaint (the "State Court Litigation") was for EWTCM to pay all of the fees incurred in the State Court Litigation as it was the primary defendant in the State Court Litigation. By way of further answer to Paragraph 2.1 of the Amended Statement, Lane Powell denies any remaining factual allegations.

5.    In answer to the allegations of Paragraph 2.2 of the Amended Statement, Lane Powell denies that Kartar timely objected to Lane Powell's fee claim. By way of further answer to Paragraph 2.2, Lane Powell admits that a scheduling conference was held on March 13, 2013, and that the Court directed that more specific allegations supplementing the Plaintiffs' earlier filed objections and counterclaims to Lane Powell's fee claim be filed in the form of a more specific complaint. Lane Powell further admits that at the May 17th scheduling conference the

---

[1] Both applications filed by the bankruptcy counsel for the Debtors on behalf of Lane Powell in the Bankruptcy Cases state as follows:

> To the extent that any fees that are incurred are not paid within the earlier of: (i) twelve months following their due date under the invoice terms which shall be thirty days following the date of allowance of such fees by order of the Bankruptcy Court;(ii) thirty days following the date of the Bankruptcy Court's settlement of the disputes between the parties to all litigation that Lane Powell is handling on the Debtor's behalf; or (iii) the confirmation of a Chapter 11 plan, the payment of outstanding fees will be as follows: all outstanding invoices will be paid at the rate of two times the outstanding amounts owing plus all accrued interest on such outstanding invoices but only to the extent that either (i) there is a settlement that successfully resolves all disputes; or (ii) the appeal is successful. The determination of whether the appeal has been successful, and whether all or part of the contingent payment is appropriate, will be made through a good faith discussion between Lane Powell as the Debtor's attorneys and the Debtor as client, following the ruling on appeal.

court directed the Plaintiffs to file an objection cast in the form of an adversary proceeding and that it retain the original adversary proceeding number.   Lane Powell denies any further allegations in Paragraph 2.2 of the Amended Statement.

6.      In answer to the allegations contained in Paragraph 2.3 of the Amended Statement, Lane Powell admits that it did amend its claim (Claim #24) for professional compensation as Special Counsel on May 24, 2013 (the "Special Counsel Fee Claim") because it had inadvertently not applied the historical 10 percent (10%) discount that it had previously granted to Debtors.

7.      In answer to the allegations of Paragraphs 2.4 through 2.7 of the Amended Statement, Lane Powell admits the allegations as set forth in the Amended Statement.  By way of further answer to Paragraphs 2.5 and 2.6, Lane Powell asserts that, as special counsel, it was dependent on the Debtors' general bankruptcy counsel to file its application for employment.

8.      In answer to the allegations of Paragraph 2.8 of the Amended Statement, the documents speak for themselves and no answer to such allegations is required.

9.      In answer to the allegations of Paragraph 2.9 of the Amended Statement, Lane Powell admits that the Debtors filed LBF #1182 and admits that the form lists certain parties and that it did not object to the form as filed.  By way of further answer to Paragraph 2.9, Lane Powell denies that the Debtors properly filed these reports as it is a debtor's duty under LBR 3020-1(a) to file such a report, and to ascertain and list all professional and administrative claims outstanding, which was not done in this case.  The Debtors were aware of the scope, nature, and amount of the services that Lane Powell was providing, based on the near daily contacts between the Debtors and their representatives in regards to Lane Powell's active defense of the Debtors in the State Court Litigation pending before Judge Leslie Roberts ("Judge Roberts").   Lane Powell's services in the State Court Litigation benefitted the Debtors' estates and supported the Debtors' efforts to reach satisfactory settlements with the Private Plaintiffs and the Oregon State Attorney General.

10.    In answer to the allegations of Paragraphs 2.10 through 2.12 of the Amended Statement, the documents speak for themselves and no answer is required.

11.    In answer to the allegations of Paragraph 2.13 of the Amended Statement, Lane Powell admits it did not object to the confirmation of the Debtors' Joint Plan or to the approval of the Disclosure Statement or the settlement.  By way of further answer to Paragraph 2.13, Lane Powell denies the allegations that Lane Powell failed to keep the Debtors and their counsel apprised of its activities in the State Court Litigation.  In fact, Lane Powell had near daily contact with the Debtors' representatives concerning the nature and scope of Lane Powell's representation in relation to the State Court Litigation and as to the amount of fees being incurred.  As examples, Lane Powell incorporates by reference as affirmative allegations the facts provided in its Response to Objection to Claim (ECF No. 410) and the supporting declarations (ECF Nos. 411–413), which provide a sample of the significant amounts of communication occurring between the Debtors, their counsel, and Lane Powell attorneys, including communications regarding the Special Counsel Fee Claim.  As to the allegations concerning the effective date of the Debtors' Joint Plan, the document speaks for itself, and no answer to this allegation is required.

12.    In answer to the allegations of Paragraph 2.14 of the Amended Statement, Lane Powell admits that any billing statements related to the Special Counsel Fee Claim were directed at EWTCM, but that both Debtors benefited from the services provided by Lane Powell.

13.    In answer to the allegations of Paragraph 2.15 of the Amended Statement, Lane Powell admits it did not allocate its time representing the Debtors in the State Court Litigation because allocation among its clients in the State Court Litigation was not practicable and Lane Powell's services benefitted both Debtors equally.  As previously noted, in keeping with historical practices which had never been objected to by the Debtors or their other professionals, Lane Powell expected to be paid by the primary defendant in the State Court Litigation, EWTCM.  Lane Powell further admits that it did not send duplicate bills to Kartar for this

reason.  As noted above Lane Powell alleges that Kartar and his counsel, Irv Potter, were kept informed of the work being performed by Lane Powell.

14.     In answer to the allegations of Paragraph 2.16 of the Amended Statement, Lane Powell states that there are certain retention letters that address the payment responsibilities of EWTCM and the other defendants, and the respective payment responsibilities of EWTC, which documents speak for themselves.  Lane Powell denies the remaining allegations of Paragraph 2.16.

15.     In answer to the allegations of Paragraph 2.17 of the Amended Statement, Lane Powell admits that it did not send bills to Kartar as explained above.  Nevertheless, Lane Powell affirmatively states that its attorneys were in continual communication with both Debtors and their other counsel regarding the significant work and issues that Lane Powell attorneys were performing and addressing during the pendency of the Bankruptcy Cases, as well as the amount of the fees being incurred.

16.     In answer to the allegations of Paragraph 2.18 of the Amended Statement, Lane Powell denies the allegations.

17.     In answer to the allegations of Paragraph 2.19 of the Amended Statement, Lane Powell denies the allegations.

18.     In answer to the allegations of Paragraph 2.20 of the Amended Statement, Lane Powell admits that it has filed an amended fee application representing the ten percent (10%) discount on the total fees that it agreed to provide to the Debtors.  By way of further answer to Paragraph 2.20, Lane Powell affirmatively states that the employment application does not preclude other attorneys from working for the Debtors, but provides those listed would be the professionals primarily responsible.  By way of further answer to Paragraph 2.20, Lane Powell denies all remaining allegations in Paragraph 2.20.

19.    The allegations of Paragraph 4.20 [sic][2] of the Amended Statement include asserted conclusions of law and, therefore, Lane Powell has no duty to respond.  By way of further answer to Paragraph 4.20, Lane Powell states that 11 U.S.C. § 330 ("Section 330") speaks for itself and no response is required.  By way of further answer to Paragraph 4.20, Lane Powell asserts that to the extent a response is required to any of the allegations, Lane Powell denies the allegations in that its services rendered to the Debtors met the requirements of Section 330.  All remaining allegations set forth in Paragraph 4.20 are denied

20.    The allegations of Paragraph 4.21 [sic] of the Amended Statement include asserted conclusions of law and, therefore, Lane Powell has no duty to respond.  By way of further answer to Paragraph 4.21, Lane Powell denies that the Amended Statement is well taken and therefore precludes Lane Powell's receipt of its fees in defending its Special Counsel Fee Claim.  Given that several of the allegations in the original complaint filed in this Proceeding, the original Statement and this Amended Statement are inaccurate and spurious based on knowledge of the Debtors and their other counsel, Lane Powell should be entitled to all of its fees in defending itself against such claims.  All remaining allegations set forth in Paragraph 4.21 are denied.

21.    In answer to the allegations of Paragraph 3.1 of the Amended Statement, Lane Powell denies that its attorneys performed duplicative tasks or tasks that were otherwise unnecessary in any hearings.  The only example Debtors have provided is a hearing for 1.2 hours that Mr. Horowitz and Mr. Davis attended.  Mr. Horowitz is a tax attorney and Mr. Davis is a litigator.  Lane Powell reserves the right to respond further to such allegations concerning duplication of efforts if Debtors identify additional specific instances that they assert are objectionable.

22.    In answer to the allegations of Paragraph 3.2 of the Amended Statement, Lane Powell denies that it improperly included too many attorneys to assist the Debtors and represent

---

[2] Paragraphs identified in the Amended Statement as 4.20 and 4.21 are misnumbered and probably should be identified as Paragraphs 2.21 and 2.22.

them in the State Court Litigation.  By way of further answer to Paragraph 3.2 of the Amended Statement, Lane Powell affirmatively states that given the complexity of the State Court Litigation, the number of attorneys involved in the work was appropriate under the circumstances.  More specifically, Lane Powell affirmatively states that these attorneys were necessary to respond to the many and immediate demands required as a result of the State Court Litigation, to assist the Debtors' bankruptcy counsel in filing a removal of the State Court Litigation, to pursue a writ of mandamus and appeal of orders issued in the State Court Litigation, and to assist and facilitate the settlement of the State Court Litigation and other claims.  Lane Powell denies the remaining allegations of Paragraph 3.2.

23.     In answer to the allegations of Paragraph 3.3 of the Amended Statement, Lane Powell denies that the time spent on bankruptcy matters was duplicative or unnecessary and requests a more definite statement of the specific time entries objected to under this Paragraph. Lane Powell admits that, except for the notice of removal that Debtors' bankruptcy counsel directed that Lane Powell file and pleadings related to its employment, Lane Powell did not file other pleadings nor was it asked by other counsel to file any other pleadings in the Bankruptcy Cases.  Lane Powell further admits that both Debtors had independent bankruptcy counsel.  By way of further answer to Paragraph 3.3, Lane Powell denies that the time spent in this category of work was unreasonable or unnecessary considering, in part, Debtors' counsel's failure to communicate with Lane Powell and the impact of the progress of the Bankruptcy Cases on the State Court Litigation.  By way of further answer to Paragraph 3.3, Lane Powell denies the remaining allegations.  Lane Powell reserves its right to respond further once Debtors have identified the specific time entries that they object to for "bankruptcy work."

24.     In answer to the allegations of Paragraph 3.4, Lane Powell denies the conclusory allegations and requests a more definite statement, and reserves the right to respond when such specific statement is received.  By way of further answer to Paragraph 3.4, Lane Powell asserts that the time Lane Powell spent on bankruptcy matters was either at the request of the Debtors'

bankruptcy counsel or was necessary to its work in relation to the State Court Litigation and therefore did provide value to the Debtors and their estates.

25.     In answer to the allegations of Paragraph 3.5 of the Amended Statement, Lane Powell acknowledges that the tax work performed by Lane Powell specifically included categories designated in its Application.  By way of further answer to Paragraph 3.5 of the Amended Statement, Lane Powell denies any remaining allegations of Paragraph 3.5 and notes that multiple lawyers were needed because many issues involving tens of millions of dollars in tax needed to be addressed in a very brief time, with time entered on multiple tasks and files reflecting an attempt to allocate the time in accordance with the correct file.  Lane Powell further affirmatively states that Lane Powell provided Debtors with a timely and valuable tax analysis of the settlement provisions as well as all other tax matters relevant to EWTCM and its members as they matters arose.  Lane Powell denies all remaining allegations set forth in Paragraph 3.5.

26.     In answer to the allegations of Paragraph 3.6 of the Amended Statement, Lane Powell denies the allegations.  At all relevant times, the Debtors, as well as their counsel, were accurately informed of the scope, nature, and amount of the work Lane Powell was doing on the various appeals and mandamus actions, as well as the likelihood of prevailing on such actions. Debtors and their counsel approved of all such filings and such filings benefitted the Debtors in connection with the settlement achieved in connection with the State Court Litigation.

27.     In answer to the allegations of Paragraph 3.7 of the Amended Statement, Lane Powell denies the allegations.  By way of further answer to Paragraph 3.7, Lane Powell notes that it included a total of 4.6 hours and $1,696 in fees in the Special Counsel Fee Claim related to addressing conflict waiver issues, primarily those arising in connection with the federal court lawsuit brought by Bibiji Inderjit Kaur Puri against Lane Powell, and denies that such time expended was "substantial."  By way of further answer to Paragraph 3.7, Lane Powell states that the work performed in connection with interim applications was utilized in the final fee application and that it is entitled under current case law to seek fees in amounts determined by

the Court as reasonable for preparation of the employment application, responding to objections to the application in Kartar's case, prompting Debtors' counsel to file the applications, responding to questions concerning the applications, and responding to objections to its compensation. Therefore, Lane Powell is entitled to recover as part of its Special Counsel Fee Claim the fees and costs arising from this contested proceeding brought by the Debtors, including, for example, the fees and costs incurred in preparing this Response to Debtors' Amended Statement of Objections.

28.    In answer to the allegations of Paragraph 3.8 of the Amended Statement, Lane Powell admits that it included time for preparation and submission of its application. By way of further answer, Lane Powell requests a more definite statement as to which entries included within the amounts set forth in Paragraph 3.8 the Debtors are objecting and reserves its right to respond accordingly. See also response to Paragraph 3.7 above.

29.    In answering the allegations of Paragraph 3.9 of the Amended Statement, Lane Powell admits it prepared fee applications. Lane Powell affirmatively states that any interim fee applications were not submitted based upon the Debtors' counsel's failure to coordinate such submission, and the Court's stated preference to postpone the Lane Powell employment issues until other issues were resolved, such as the settlement of the State Court Litigation and Debtors' Joint Plan had been approved and confirmed. All remaining allegations in Paragraph 3.9 are denied.

30.    The allegations in Paragraphs 3.10 through 3.15 of the Amended Statement state legal conclusions to which no response is required. To the extent a response is required, Lane Powell denies the allegations and denies Debtors are entitled to such relief.

### ADDITIONAL DEFENSES

31.    The Amended Statement fails to state any facts sufficient to constitute any claim for relief, is barred by the doctrines of waiver, laches and estoppel, and is time barred.

32.    The Debtors' objection was not timely and should be stricken by the Court.  Lane Powell filed its application for final compensation on January 28, 2013.  The Debtors did not file their initial objection until twenty-nine (29) days later on February 26, 2013 and even then such initial objection was improperly filed and was re-filed on February 29, 2013.  The Federal Rules of Bankruptcy Procedure require that any objections to applications for compensation be filed within twenty-one (21) days, plus three days for mailing.  The Debtors filed their objection beyond the deadline and the objections should be denied as untimely.

WHEREFORE, Lane Powell hereby requests that the Court enter an order:

1.    Overruling Debtors' objections and allowing in full Lane Powell's fees and costs incurred in service to the Debtors as special counsel in the Bankruptcy Cases, in the total discounted amount of $259,795.56, as well as its fee enhancement as set forth in the applications (*i.e.* 2X the allowed amount of the fees), to be paid pursuant to the Joint Plan in full;

2.    Granting Lane Powell recovery of its attorneys' fees and costs in defending its Special Counsel Fee Claim; and

3.    Granting Lane Powell such other relief as is just and reasonable.

DATED:  August 1, 2013

McKITTRICK LEONARD LLP

By /s/ Justin D. Leonard
　　Peter C. McKittrick, OSB No. 852816
　　Justin D. Leonard, OSB No. 033736

LANE POWELL PC
　　Kenneth R. Davis, II, OSB No. 971132
　　Mary Jo Heston, OSB No. 030438
　　Peter D. Hawkes, OSB No. 071986
　　Skyler M. Tanner, OSB No. 101589

KENNEDY, WATTS, ARELLANO & RICKS LLP
　　Joseph C. Arellano, OSB No. 801518
　　Susan E. Watts, OSB No. 773845

Attorneys for Defendant Lane Powell PC

## CERTIFICATE OF SERVICE

I certify that on the date below, I caused notice of the filing of **LANE POWELL PC'S RESPONSE TO DEBTORS' AMENDED STATEMENT OF OBJECTIONS TO CLAIM NO. 24 OF LANE POWELL PC** to be served on interested parties requesting notice through the Court's CM/ECF system, as well as by first class U.S. mail on the following interested parties requesting notice by mail:

NONE

DATED:  August 1, 2013.

By: /s/ Justin D. Leonard
Justin D. Leonard, OSB 033736

PAGE 1 OF 1 – CERTIFICATE OF SERVICE